**HEPWORTH, GERSHBAUM & ROTH, PLLC**
Marc S. Hepworth
Charles Gershbaum
David A. Roth
Rebecca S. Predovan
192 Lexington Avenue, Suite 802
New York, New York 10016
Telephone: (212) 545-1199
Facsimile: (212) 532-3801

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz (*pro hac vice* forthcoming)
Paolo Meireles (*pro hac vice* forthcoming)
1515 South Federal Highway, Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MARISA CACCAVELLI and LEE PROPHET, on behalf of themselves and all others similarly situated,<br><br>                   Plaintiffs,<br><br>   -against-<br><br>JETRO HOLDINGS, LLC, JETRO CASH AND CARRY ENTERPRISES, LLC, and RESTAURANT DEPOT, LLC,<br><br>                  Defendants. | **Case No. 1:17-cv-7306**<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Marisa Caccavelli and Lee Prophet ("Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys, Hepworth, Gershbaum & Roth, PLLC and Shavitz Law Group, P.A., upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1.      This lawsuit seeks to recover overtime compensation for Plaintiffs and their similarly situated co-workers who worked as overtime-exempt classified "Department Managers," including Front-End Managers, Deli Managers, Floor Managers, and other similarly

situated, overtime-exempt classified employees performing similar duties regardless of precise title (collectively, "Department Managers") for Jetro Holdings, LLC, Jetro Cash and Carry Enterprises, LLC, and Restaurant Depot, LLC (collectively, "Jetro" or "Defendants") in the United States.

2.    Jetro operates via its Restaurant Depot, LLC brand as a wholesale food service supplier to food business operators and non-profit organizations, with approximately 120 Restaurant Depot, LLC locations throughout the United States.

3.    Most Restaurant Depot, LLC locations are open seven days per week.

4.    Upon information and belief, in order to serve its customers and maintain its operating schedule while simultaneously saving on labor costs, Jetro employs Department Managers who spend the vast majority of their time performing the same duties as non-exempt employees.

5.    Specifically, Department Managers' primary duties include ringing a register, cleaning, unloading new merchandise, stocking shelves, and customer service duties.

6.    Although Jetro classifies Department Managers as exempt from overtime, it requires Department Managers to perform non-exempt work to keep locations fully staffed.

7.    Throughout the relevant period, it has been Jetro's nationwide policy to uniformly classify Department Managers as exempt from federal and state overtime provisions and not to pay Department Managers overtime wages.

8.    Jetro regularly requires Department Managers to work in excess of 40 hours per week.

9.    The primary duties of the Department Manager positions do not vary significantly from one Restaurant Depot, LLC location to another throughout the United States.

2

10.     The Department Manager position does not fall under any exemptions under federal or state overtime laws.

11.     By the conduct described in this Collective Action Complaint, Jetro has violated the Fair Labor Standards Act ("FLSA"), as well as various state labor laws, by failing to pay Department Managers, including Plaintiffs, the overtime wages they have earned and to which they are entitled by law.

12.     Plaintiffs bring this action on behalf of themselves and similarly situated current and former Jetro Department Managers who elect to opt in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq*., and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy Jetro's violations of the wage and hour provisions of the FLSA that have deprived Plaintiffs and others similarly situated of their lawfully earned wages.

## THE PARTIES

### Plaintiffs

#### *Marisa Caccavelli*

13.     Plaintiff Marisa Caccavelli ("Caccavelli") is an adult individual who is a resident of Meriden, Connecticut.

14.     Caccavelli was employed by Jetro as a Department Manager from approximately October 2013 to October 2016 at Jetro's Hartford, Connecticut Restaurant Depot, LLC location.

15.     During her employment as a Department Manager, Caccavelli regularly worked over 40 hours in a work week, averaging 55 to 65 hours per week, including during the work week of August 28, 2016 to September 3, 2016, when she worked approximately 70 hours.  Caccavelli was not paid overtime during this week.

16.     Caccavelli is a covered employee within the meaning of the FLSA.

17.     A written consent to join form for Caccavelli is attached hereto as **Exhibit A**.

***Lee Prophet***

18.     Plaintiff Lee Prophet ("Prophet") is an adult individual who is a resident of McDonough, Georgia.

19.     Prophet was employed by Jetro as a Department Manager from approximately March 2015 to September 2015 at Jetro's Atlanta, Georgia Restaurant Depot, LLC location.

20.     During his employment as a Department Manager, Prophet regularly worked over 40 hours in a work week, averaging 55 to 60 hours per week, including during the work week of July 20, 2015 to July 25, 2015, when he worked approximately 55 hours.  Prophet was not paid overtime during this week.

21.     Prophet is a covered employee within the meaning of the FLSA.

22.     A written consent to join form for each Prophet is attached hereto as **Exhibit B**.

**Defendants**

***Jetro Holdings, LLC, Jetro Cash and Carry Enterprises, LLC, and Restaurant Depot, LLC***

23.     Jetro Holdings, LLC is headquartered in College Point, New York.

24.     Jetro Holdings, LLC is registered to do business and does business in the state of New York.

25.     Jetro Cash and Carry Enterprises, LLC is headquartered in College Point, New York.

26.     Jetro Cash and Carry Enterprises, LLC is registered to do business and does business in the state of New York.

27.     Restaurant Depot, LLC is headquartered in College Point, New York.

28.     Restaurant Depot, LLC is registered to do business and does business in the state of New York.

29.     Jetro Cash and Carry Enterprises, LLC is a wholly owned subsidiary of Jetro Holdings, LLC.

30.     Restaurant Depot, LLC is a wholly owned subsidiary of Jetro Holdings, LLC, and Jetro Cash and Carry Enterprises, LLC.

31.     Jetro Holdings, LLC and Jetro Cash and Carry Enterprises, LLC operate as a wholesale food supplier to food business operators and non-profit organizations, through their wholly owned subsidiary Restaurant Depot, LLC.

32.     Throughout the relevant period, each Defendant employed Plaintiffs and similarly situated employees within the meaning of the FLSA.  Each Defendant has had substantial control over Plaintiffs' and similarly situated employees' working conditions and the unlawful policies and practices alleged herein.

33.     Each Defendant is a covered employer within the meaning of the FLSA, and, at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

34.     At all times relevant, each Defendant maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

35.     Each Defendant applies the same employment policies, practices, and procedures to all of its Department Managers.

36.     At all times relevant, Jetro has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

37.     At all times relevant, each Defendant's annual gross volume of sales made or

business done was not less than $500,000.

38.    Jetro Holdings, LLC is the entity listed on Plaintiffs' W-2s.

## JURISDICTION AND VENUE

39.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

40.    This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

41.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

42.    Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (2) because all Defendants reside in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

43.    Plaintiffs bring the First Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons who work or have worked for Jetro as Department Managers at any location in the United States, at any time on or after three years prior to the filling of this Collective Action Complaint, who elect to opt in to this action (the "FLSA Collective").

44.    Jetro is liable under the FLSA for, *inter alia*, failing to properly pay overtime wages to Plaintiffs and the FLSA Collective members.

45.    There are numerous similarly situated current and former Department Managers (and other employees holding comparable positions, but different titles) who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of court-

supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

46.     Similarly situated employees are known to Jetro, are readily identifiable, and can be located though Jetro's records.

47.     Plaintiffs and the FLSA Collective members, all of whom regularly worked more than forty (40) hours in a workweek, were employed as Department Managers by Jetro at their Restaurant Depot, LLC locations.

48.     Jetro failed to pay Plaintiffs and the FLSA Collective members overtime compensation for the hours they worked over forty (40) in a workweek.

49.     Jetro failed to keep accurate records of all hours worked by Plaintiffs and the FLSA Collective members.

50.     Throughout the relevant period, it has been Jetro's policy, pattern, or practice to require, suffer, or permit Plaintiffs and the FLSA Collective members to work in excess of forty (40) hours per workweek without paying them overtime wages for all overtime hours worked.

51.     Jetro assigned the work that Plaintiffs and the FLSA Collective members have performed, or Jetro was aware of the work they performed, or should have been aware of the work they performed.

52.     The work performed by Plaintiffs and the FLSA Collective members constitutes compensable work time under the FLSA and was not preliminary, postliminary or *de minimus*.

53.     Jetro intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA with respect to the Plaintiffs and the FLSA Collective, members, this policy, pattern or practice was authorized, established, promulgated, and/or ratified by Jetro's corporate headquarters. This policy, pattern or practice includes but is not limited to:

a.      willfully failing to record all of the time Plaintiffs and the FLSA Collective members worked for Jetro's benefit;

b.      willfully failing to keep accurate time records as required by the FLSA;

c.      willfully failing to credit Plaintiffs and the FLSA Collective members for all hours worked including overtime hours, consistent with the requirements of the FLSA; and

d.      willfully failing to pay the Plaintiffs and the FLSA Collective members wages for all hours worked including overtime wages for hours in excess of forty (40) hours per workweek.

54.    Jetro is aware, or should have been aware, that the FLSA requires them to pay Plaintiffs and the FLSA Collective members an overtime premium for hours worked in excess of forty (40) hours per workweek.

## PLAINTIFFS' WAGE AND HOUR ALLEGATIONS

55.    Consistent with Jetro's policy, pattern or practice, Plaintiffs and the FLSA Collective members regularly worked in excess of forty (40) hours per workweek without being paid overtime wages.

56.    All FLSA Collective members primarily performed the same or substantially similar job duties.

57.    The primary duties that Plaintiffs and the other Department Managers regularly performed include, but are not limited to.

a.      customer service;

b.      working the register;

c.      restocking merchandise;

e.      unloading trucks; and

f.      cleaning the store.

8

58.     Plaintiffs' and the other Department Managers' primary job duties did not include:

      a.     hiring

      b.     firing;

      c.     setting rates of pay;

      d.     scheduling; or

      e.     disciplining other employees.

59.     Plaintiffs' and the other Department Managers' primary duties did not differ substantially from the duties of non-exempt hourly paid employees.

60.     Plaintiffs and the other Department Managers did not exercise a meaningful degree of independent discretion with respect to the exercise of their duties.

61.     Plaintiffs' and the other Department Managers' primary duties were customer service related.  Customer service occupied the majority of the Plaintiffs' and the other Department Managers' working hours.

62.     Pursuant to a centralized, company-wide policy, pattern, and practice, Jetro classified all Department Managers as exempt from coverage of the overtime provisions of the FLSA and applicable state laws.

63.     Jetro did not perform a person-by-person analysis of every Department Managers' job duties when making the decision to classify all of them, and other employees holding comparable positions but different titles, as exempt from the FLSA's overtime protections, as well as the protections of applicable state laws.

64.     Upon information and belief, Jetro's unlawful conduct described in this Collective Action Complaint is pursuant to a corporate policy or practice which minimizes labor costs by violating the FLSA.

65.     Jetro's failure to pay overtime wages for work performed by the FLSA Collective in excess of forty (40) hours per workweek was willful.

66.     Jetro's unlawful conduct has been widespread, repeated and consistent.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

67.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

68.     Jetro has engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

69.     Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

70.     At all relevant times, Plaintiffs and FLSA Collective members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

71.     Jetro is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

72.     At all times relevant, Plaintiffs and FLSA Collective members were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

73.     The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Jetro.

74.    Jetro has failed to pay Plaintiffs and FLSA Collective members the overtime wages to which they were entitled under the FLSA.

75.    Jetro's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional.  Jetro has failed to make a good-faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and FLSA Collective members.

76.    Because Jetro's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

77.    As a result of Jetro's willful violations of the FLSA, Plaintiffs and FLSA Collective members have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq*.

78.    As a result of Jetro's unlawful acts, Plaintiffs and FLSA Collective members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, seeks the following relief:

A.    That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all members of the FLSA Collective.  Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B.    Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.      Reasonable incentive awards for Plaintiffs to compensate them for the time and effort they have spent and will spend protecting the interests of other Department Managers, and for the risks they took in doing so;

D.      Issuance of a declaratory judgment that the practices complained of in this Collective Action Complaint are unlawful under appropriate state law;

E.      Pre-judgment interest and post-judgment interest as provided by law;

F.      Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Jetro from continuing its unlawful practices;

G.      Attorneys' fees and costs of the action;

H.      Such other injunctive and equitable relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiffs and all FLSA Collective members demand a trial by jury on all issues so triable.

Dated:  New York, New York          Respectfully submitted,
        December 15, 2017


                                    /s/      Marc S. Hepworth
                                    Marc S. Hepworth
                                    E-mail: mhepworth@hgrlawyers.com
                                    Charles Gershbaum
                                    E-mail: cgershbaum@hgrlawyers.com
                                    David A. Roth
                                    E-mail: droth@hgrlawyers.com
                                    Rebecca S. Predovan
                                    E-mail: rpredovan@hgrlawyers.com
                                    **HEPWORTH, GERSHBAUM & ROTH, PLLC**
                                    192 Lexington Avenue, Suite 802
                                    New York, New York 10016
                                    Telephone: (212) 545-1199
                                    Facsimile: (212) 532-3801

                                    Gregg I. Shavitz*
                                    E-mail: gshavitz@shavitzlaw.com

Paolo C. Meireles*
E-mail: pmeireles@shavitzlaw.com
**SHAVITZ LAW GROUP, P.A.**
1515 South Federal Highway, Suite 404
Boca Raton, FL 33432
Telephone: (561) 447-8888
Facsimile:  (561) 447-8831

***Attorneys for Plaintiffs and the FLSA Collective***

*\*pro hac vice* application forth coming