UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

MARISA CACCAVELLI and LEE PROPHET,        **ECF CASE**
on behalf of themselves and all others similarly
situated,                                 Civil Action No. 17-cv-7306 (PKC) (SMG)

                        Plaintiffs,

        v.

JETRO HOLDINGS, LLC, JETRO CASH AND
CARRY ENTERPRISES, LLC, and
RESTAURANT DEPOT, LLC,

                Defendants.

----------------------------------------------------------x
_____

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
## DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION
## AND STAY JUDICIAL PROCEEDINGS
_____

DRINKER BIDDLE & REATH LLP

Kate S. Gold, Esq. (*pro hac vice*)          Gregg Settembrino, Esq.
1800 Century Park East, Suite 1500          600 Campus Drive
Los Angeles, California 90067-1517          Florham Park, New Jersey 07932-1047
Telephone:  (310) 203-4029                  Telephone: (973) 549-7024
Facsimile:  (310) 229-1285                  Facsimile: (973) 360-9831
E-mail:  kate.gold@dbr.com                  E-mail:  gregg.settembrino@dbr.com

William R. Horwitz, Esq.
1177 Avenue of the Americas, 41st Floor
New York, New York 10036-2714
Telephone:  (212) 248-3140
Facsimile:  (212) 248-3141
E-mail:  william.horwitz@dbr.com

Attorneys for Defendants
Jetro Holdings, LLC, Jetro Cash
and Carry Enterprises, LLC, and Restaurant Depot, LLC

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ............................................................................................................................ 2

I.     THE FAA REQUIRES PLAINTIFFS TO ARBITRATE THIS DISPUTE
ON AN INDIVIDUAL BASIS ........................................................................... 2

     A.    Plaintiffs Concede Virtually All of the Issues Central to This
Motion ...................................................................................................... 2

          1.    Plaintiffs Entered Into Valid Arbitration Agreements With
Jetro ............................................................................................. 2

          2.    Plaintiffs Agreed to Arbitrate their FLSA Claims. ...................... 2

          3.    Jetro's Class/Collective Action Waiver is Enforceable. .............. 2

     B.    Plaintiffs' Attempt to Avoid Arbitration With Their Proposed
Interpretation of Section 2(c) Misconstrues the Plain Language of
the Agreements and the Clear Intent of the Parties, and
Contravenes the Federal Policy in Favor of Arbitration ......................... 3

          1.    Plaintiffs' Interpretation of Section 2(c) Produces an
Absurd Result. ............................................................................. 3

          2.    Plaintiffs' Interpretation of Section 2(c) Renders the
Remainder of the Arbitration Agreement Meaningless. ............... 6

          3.    Section 2(c) Should be Severed, if not Enforced. ......................... 8

          4.    Any Doubts Should be Resolved in Favor of Arbitration. ............ 9

CONCLUSION ........................................................................................................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re A2P SMS Antitrust Litig.*,
  972 F. Supp. 2d 465 (S.D.N.Y. 2013) ...................................................................6

*Alfonso v. Maggies Paratransit Corp.*,
  203 F.Supp.3d 244 (E.D.N.Y. 2016) ...............................................................8, 9

*Alpha Capital Anstalt v. Real Goods Solar, Inc.*,
  2018 WL 1989570 (S.D.N.Y. 2018) ....................................................................4

*Alstom Chile, S.A. v. Mapfre Compania de Seguros Generales Chile S.A.*,
  2013 WL 5863547 (S.D.N.Y. 2013) ..................................................................10

*Badgett v. Fed. Express Corp.*,
  378 F.Supp. 2d 613 (M.D.N.C. 2005) ...................................................................8

*Bank Julius Baer & Co., v. Waxfield Ltd.*,
  424 F.3d 278 (2d Cir. 2005) ..................................................................................9

*Cole v. Fed. Express. Corp.*,
  2008 WL 4307090 (E.D. Pa. 2008) .......................................................................8

*Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.*,
  58 F.3d 16 (2d Cir. 1995) ......................................................................................9

*Colonial Roofing Constr. Co., Inc. v. New York City Sch. Constr. Auth.*,
  2011 WL 758365 (N.Y. Sup. Ct. Queens Co. 2011) .............................................4

*Columbus Park Corp. v. Dep't of Hous. Pres. & Dev.*,
  80 N.Y.2d 19 (N.Y. 1992) ......................................................................................7

*Denney v. Jenkens & Gilchrist*,
  340 F.Supp.2d 348 (S.D.N.Y. 2004) ......................................................................6

*Epic Systems Corp. v. Lewis*,
  2018 WL 2292444 (2018) ..................................................................................1, 2

*Felix v. Guardsmark, LLC*,
  2014 WL 657177 (D. Or. 2014) .............................................................................8

*Galli v. Metz*,
  973 F.2d 145 (2d Cir. 1992) ...................................................................................7

*Johnson v. DaimlerChrysler Corp.*,
  2003 WL 1089394 (D. Del. 2003) ..........................................................................8

ii

*Kutluca v. PQ N.Y. Inc.*,
  266 F.Supp.3d 691 (S.D.N.Y. 2017) .........................................................................5

*Lai Chan v. Chinese-Am. Planning Council Home Attendant Program, Inc.*,
  180 F.Supp.3d 236 (S.D.N.Y. 2016) .........................................................................5

*Mastrobuono v. Shearson Lehman Hutton, Inc.*,
  514 U.S. 52 (1995) .....................................................................................................7

*Matala-De Mazza v. Special Touch Home Care Servs., Inc.*,
  2016 WL 6459623 (E.D.N.Y. 2016) .........................................................................9

*Mineola Garden City Co. v. Bank of Am.*,
  49 F.Supp.3d 283 (E.D.N.Y. 2014) .........................................................................10

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
  460 U.S. 1 (1983) .......................................................................................................9

*Moss v. First Premier Bank*,
  835 F.3d 260 (2d Cir. 2016) ......................................................................................5

*Myers v. Western-Southern Life Ins. Co.*,
  849 F.2d 259 (6th Cir. 1988) .....................................................................................8

*New River Elec., Corp. v. Blakeslee Arpaia Chapman, Inc.*,
  2009 WL 5111566 (D. Conn. 2009) ........................................................................10

*Natwest USA Credit Corp. v. Alco Standard Corp.*,
  858 F.Supp. 401 (S.D.N.Y. 1994) .............................................................................4

*Northwestern Mut. Life Ins. Co. v. Delta Air Lines, Inc.*,
  608 F.3d 139 (2d Cir. 2010) ......................................................................................5

*Ragone v. Atl. Video at Manhattan Ctr.*,
  595 F.3d 115 (2d Cir. 2010) ......................................................................................8

*Severstal U.S. Holdings, LLC v. RG Steel, LLC*,
  2012 WL 1901195 (S.D.N.Y. 2012) .........................................................................9

*Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.*,
  198 F.3d 88 (2d Cir. 1999) ........................................................................................5

*Taylor v. W. & S. Life Ins. Co.*,
  966 F.2d 1188 (7th Cir.1992) ....................................................................................8

*Vega v. Fed. Express Corp.*,
  2011 WL 4494751 (S.D.N.Y. 2011) .........................................................................8

## PRELIMINARY STATEMENT

Plaintiffs *concede* virtually all of the issues central to this Motion to Compel Arbitration of their Fair Labor Standards Act ("FLSA") claim.  First, Plaintiffs *concede* that both Caccavelli and Prophet entered into a valid Arbitration Agreement.  Second, Plaintiffs *admit* their employment dispute with Jetro (a single FLSA claim) falls squarely within the subject matter scope of the Arbitration Agreement.  Indeed, Plaintiffs do not and could not contest that their FLSA claim is precisely the type of dispute that the parties agreed and intended to arbitrate.  Third, in light of the United States Supreme Court's May 21, 2018, decision in *Epic Systems Corp. v. Lewis*, 2018 WL 2292444 (2018), Plaintiffs *must concede* the Arbitration Agreement's class action waiver is valid and enforceable, as the Supreme Court has now ruled expressly with respect to claims brought under the FLSA.

Left with no viable basis to evade arbitration, Plaintiffs propose a single challenge -- a tortured and impermissible reading of the Arbitration Agreement's shortened statute of limitations provision at Section 2(c).  Although Section 2(c) is a shortened statute of limitation provision, Plaintiffs untenably argue instead that Section 2(c) ("Temporal Scope – One Year Filing Period") contains two entirely separate and conflicting concepts in the same subsection: the first two sentences in the subsection *allow litigation in court for claims filed a year after their accrual*, and the third sentence *bars and releases claims brought more than a year after their accrual*.

Plaintiffs' bizarre interpretation cannot be reconciled with the fundamental principles of contract interpretation, which require this Court to interpret the Arbitration Agreement in a manner that does not produce an absurd result and that gives meaning to the entire Arbitration Agreement.  Moreover, well established federal law and policy *favors* arbitration, including resolving any doubts concerning the scope of the agreement (if any exist) in favor of arbitration.  Plaintiffs' far-fetched and

illogical interpretation of Section 2(c) in a manner that circumvents arbitration does not satisfy *Plaintiffs' burden* to demonstrate that the Arbitration Agreement is inapplicable.

## ARGUMENT

I.   **THE FAA REQUIRES PLAINTIFFS TO ARBITRATE THIS DISPUTE ON AN INDIVIDUAL BASIS.**

    A.   **Plaintiffs Concede Virtually All of the Issues Central to This Motion.**

        1.   **Plaintiffs Entered Into Valid Arbitration Agreements With Jetro.**

In opposing Jetro's Request for a Pre-Motion Conference, Plaintiffs refused to acknowledge that Prophet had entered into the Arbitration Agreement. (Dkt. 29, p. 2). Jetro has demonstrated that Prophet did, in fact, enter into the Arbitration Agreement. (Def. Brf. at 4-5). Plaintiffs thus concede they entered into the Arbitration Agreement and do not challenge its validity.

        2.   **Plaintiffs Agreed to Arbitrate their FLSA Claims.**

Plaintiffs concede that their claim for overtime pay under the Fair Labor Standards Act falls squarely within the broad subject matter scope of the Arbitration Agreement at Section 2. They thus agreed to arbitrate the identical claim they now purport to pursue in this Court.

        3.   **Jetro's Class/Collective Action Waiver is Enforceable.**

Plaintiffs argue that class and collective action waivers are not enforceable or, alternatively, that the issue should be stayed pending the United States Supreme Court's decision in *Epic Sys. Corp. v. Lewis.* (Pl. Brf. at 14-16). However, on May 21, 2018, the Supreme Court ruled that class/collective action waivers are enforceable in FLSA cases, gutting Plaintiffs' argument. *Epic Sys. Corp. v. Lewis*, 2018 WL 2292444, *3 (2018) ("[i]n the Federal Arbitration Act, Congress has instructed federal courts to enforce arbitration agreements according to their terms – including terms providing for individualized proceedings").

**B.    Plaintiffs' Attempt to Avoid Arbitration With Their Proposed Interpretation of Section 2(c) Misconstrues the Plain Language of the Agreement and the Clear Intent of the Parties, and Contravenes the Federal Policy in Favor of Arbitration.**

The parties agreed to arbitrate all claims that are within the extremely broad subject matter scope of the Arbitration Agreement, except claims older than one year, which are time-barred. *See* Arbitration Agreement, §§2(a), (b) and (c).  Although Plaintiffs' FLSA claim is older than a year and time-barred under the terms of the Arbitration Agreement, Jetro has not sought dismissal of the claims, solely due to the unsettled nature of the Second Circuit law on shortened statutes of limitations.  (Def. Brf. at 14-15).[1]  Accordingly, as set forth in greater detail below, any consideration of Section 2(c) should result in its severance, *not* Plaintiffs' evasion of their agreement to arbitrate their claim.

**1.    Plaintiffs' Interpretation of Section 2(c) Produces an Absurd Result.**

On its face, Section 2(c) ("Temporal Scope – One Year Filing Period") is a shortened statute of limitations provision and is not reasonably susceptible to the "escape hatch" misconstruction offered by Plaintiffs.  Section 2(c) states:

> c.    **Temporal Scope - One-Year Filing Period:**  A dispute is within the temporal scope of this Agreement if it is submitted to arbitration in accordance with this Agreement within <u>one year</u> after the date it accrued.  Accordingly, no dispute shall be eligible for submission to arbitration under this Agreement where <u>one year</u> shall have elapsed from the occurrence or event that gave rise to the dispute, such as the Employee's receipt of notice of the final decision challenged, or, when a continuing violation theory is asserted, where one year has elapsed from the most recent occurrence or event in the asserted continuing violation. The Company and Employee waive any statute of limitation or repose applicable to any claim within the subject matter scope of this Agreement to the extent such is of any length greater than one year.
>
> In the event a dispute that is within the subject matter scope of this agreement is presented to a court instead of in arbitration as required under this Agreement, in the interests of expedience and efficiency, the Parties intend that the court determine whether the Agreement is enforceable and, in addition thereto, decide procedural questions that grow out of the dispute and bear on the final disposition of the matter, including without limitation whether the dispute is beyond the one-year filing period and thus time-barred and permanently and irrevocably waived and released, without incurring the further expense and delay of referring such question(s) to an arbitrator.

---

[1] Plaintiffs erroneously state that Jetro has "Affirmatively Waived the SOL Restriction."  (Pl. Brf. at 7).  They are incorrect.  *See* Def. Brf. at 9, 17.

> Likewise, in the event a dispute that is within the subject matter scope of this agreement is presented in arbitration, in the interests of expedience and efficiency, the Parties intend that the arbitrator determine whether the Agreement is enforceable and, in addition thereto, decide procedural questions that grow out of the dispute and bear on the final disposition of the matter, including without limitation whether the dispute is beyond the one-year filing period and thus time-barred and permanently and irrevocably waived and released.

(Agreement, §2(c)).

The five sentences in Section 2(c) thus consistently provide that claims older than one year are barred and cannot be pursued in arbitration or otherwise.  The first three sentences mandate a shortened statute of limitations for all claims within the subject matter scope of the Arbitration Agreement, which is set forth at Section 2(a).  The fourth and fifth sentences address who decides the application of the time bar, the Court or the Arbitrator.

In order to evade arbitration, Plaintiffs attempt to invoke only the first two sentences of that provision as a "temporal scope" escape hatch, which they argue are separate and distinct from the remainder of the section, a statute of limitations provision.  (Pl. Brf. 5-7).  This Court should reject Plaintiffs' argument and adopt the plain meaning of Section 2(c) posited by Jetro because it is the only construction that does not render Section 2(c) absurd.  (Def. Brf. at 14); *see also Alpha Capital Anstalt v. Real Goods Solar, Inc.*, 2018 WL 1989570, *3 (S.D.N.Y. 2018) (a contract should be interpreted in a way that "avoids inconsistencies" and "reasonably harmonizes its terms," and not in a way that produces "a result that is absurd") (citations and internal quotation marks omitted).

As Plaintiffs concede, the sentences in Section 2(c) are not two separate provisions but rather appear in the *same subsection* of the Arbitration Agreement.  (Pl. Brf. at 5).  Moreover, the subsection has *one heading*, "Temporal Scope - One-Year Filing Period."  Thus, they are not separate, disparate provisions but a single clause and should be read together in a consistent manner.  *See Natwest USA Credit Corp. v. Alco Standard Corp.*, 858 F.Supp. 401, 413 (S.D.N.Y. 1994) ("[a] contract must be construed, if possible, to avoid an interpretation that will result in an absurdity, an injustice or have an

4

inequitable or unusual result"); *Colonial Roofing Constr. Co.*, *Inc. v. New York City Sch. Constr. Auth.*, 2011 WL 758365 (N.Y. Sup. Ct. Queens Co. 2011) ("[a]n interpretation wherein a specific contract provision is nullified by a prior clause in the same paragraph would render the provision meaningless and violate the principles of contract construction which dictate that a contract provision not be interpreted in a manner that would render it meaningless or create an absurd result").

Plaintiffs' argument that the first two sentences of Section 2(c) allow employees to evade arbitration by simply waiting more than a year to bring a claim is an absurd construction.  Under Plaintiffs' interpretation, Jetro employees are required to arbitrate all claims they bring within 365 days of their accrual, but are permitted to bring the identical claims in court if they wait until day 366 to commence a lawsuit.  There is no factual basis or legal authority to suggest the parties to this broad Arbitration Agreement intended that absurd result.  *See Moss v. First Premier Bank*, 835 F.3d 260, 264 (2d Cir. 2016) (when interpreting an arbitration agreement, "[a]s with any contract," the intention of the parties controls); *Northwestern Mut. Life Ins. Co. v. Delta Air Lines, Inc.*, 608 F.3d 139, 146 (2d Cir. 2010) ("[t]he fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent").

Plaintiffs baldly contend that Jetro's position is "contrary to the overwhelming weight of case law" (Pl. Brf. at 1), but cite no authority for the proposition that Section 2(c) should be separated into independent and dueling temporal scope and statute of limitations provisions.  Instead, they cite distinguishable or inapposite authority.  Plaintiffs cite authority in which courts *compelled arbitration* over the objection of employees who argued that their claims fell outside of the applicable time period. (Pl. Brf. at 6).  *See, e.g., Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.*, 198 F.3d 88, 99 (2d Cir. 1999) (affirming order compelling arbitration where agreement contained no temporal scope clause and the dispute pre-dated the agreement); *Kutluca v. PQ N.Y. Inc.*, 266

F.Supp.3d 691 (S.D.N.Y. 2017) (same); *Lai Chan v. Chinese-Am. Planning Council Home Attendant Program, Inc.*, 180 F.Supp.3d 236 (S.D.N.Y. 2016) (same)).  Plaintiffs also cite authority in which the subject matter scope – not the temporal scope – was at issue.  (Pl. Brf. at 7).  *See Denney v. Jenkens & Gilchrist*, 340 F.Supp.2d 348, 352-53 (S.D.N.Y. 2004) (holding that investors' claim fell outside the subject matter scope of arbitration agreement).  Plaintiffs cite authority in which the court compelled arbitration, as Jetro seeks here.  (Pl. Brf. at 7).  *See In re A2P SMS Antitrust Litig.*, 972 F. Supp. 2d 465, 500 (S.D.N.Y. 2013) (compelling arbitration of lessee antitrust claims).  None of the cases upon which Plaintiffs rely supports the argument that this Court should stitch together individual sentences from Section 2(c) in order to exclude Plaintiffs' claim from the ambit of the Arbitration Agreement.

### 2.    Plaintiffs' Interpretation of Section 2(c) Renders the Remainder of the Arbitration Agreement Meaningless.

Furthermore, adopting Plaintiffs' interpretation would nullify the other sections of the Arbitration Agreement that make arbitration the mandatory and exclusive dispute resolution method for the extremely broad range of arbitrable claims, excluding only injunctive relief for certain enumerated issues.  *See, e.g.*, Arbitration Agreement, §1 ("the exclusive method for resolving disputes, claim or controversies that are within and not excluded from the scope of this Agreement, ***whenever they shall have arisen***, shall be final and binding arbitration") (emphasis added); §2(a) ("Except and only to the extent specifically excluded or otherwise provided below, a dispute, claim or controversy is within the scope of this Agreement and must be submitted to final and binding arbitration if it is a dispute between Employee and the Company …"); §4(b) ("Excluded from the scope of this Agreement are actions by the Company or Employee in equity seeking temporary and/or permanent injunctive relief to prevent or discontinue the misappropriation, unauthorized use, or unauthorized disclosure of trade secrets …").  Indeed, the parties expressly agreed that, irrespective of when a party asserts a claim, if the claim falls within the subject matter scope of the arbitration clause, the party is required

to pursue it in arbitration. In this regard, the Agreement states: "[i]n the event a dispute that is within the subject matter scope of this agreement is presented to a court *instead of in arbitration as required under this Agreement* …" (Agreement, §2(c)) (emphasis added). Plainly, the Arbitration Agreement requires claims within the subject matter scope of the arbitration clause to proceed in arbitration.

Significantly, Plaintiffs' construction of Section 2(c) cannot be reconciled with the language of Section 4(c): "With respect to any dispute within the subject matter scope of this Agreement, the failure to request arbitration within the time and according to the procedures set forth herein shall operate as a waiver and general release in favor of the defending party … *The Parties intend that no court or arbitrator shall have the power or authority to consider or rule on the merits of any dispute that is within the subject matter scope of this Agreement and is asserted after the expiration of the one year filing period* …" Agreement §4(c) (emphasis added). This text must be read in conjunction with Section 2(c). Plaintiffs' assertion that their FLSA claim (indisputably within the scope of the Arbitration Agreement) is somehow exempt from this language by a notional "temporal bar" defies common sense and rules of contractual construction. (Pl. Brf. at 6).

An "interpretation of a contract that has the effect of rendering at least one clause superfluous or meaningless . . . is not preferred and will be avoided if possible. Rather, an interpretation that gives a reasonable and effective meaning to all terms of a contract is generally preferred to one that leaves a part unreasonable or of no effect." *Galli v. Metz,* 973 F.2d 145, 149 (2d Cir. 1992) (internal citations and quotation marks omitted); *Columbus Park Corp. v. Dep't of Hous. Pres. & Dev.*, 80 N.Y.2d 19, 31 (N.Y. 1992) ("a construction which makes a contract provision meaningless is contrary to basic principles of contract interpretation"). Thus, when interpreting a contract, a court "must consider the entire contract and choose the interpretation of [the disputed provision] which best accords with the sense of the remainder of the contract." *Galli*, 973 F.2d at 149; *see also Mastrobuono v. Shearson*

*Lehman Hutton, Inc.*, 514 U.S. 52, 63 (1995) (a "cardinal principle of contract construction" is that "a document should be read to give effect to all its provisions and to render them consistent with each other").  The construction of the Arbitration Agreement that mandates arbitration of this FLSA claim is the only interpretation that gives meaning to the entire contract and the parties' intent to make arbitration the mandatory and exclusive method of dispute resolution.

### 3.      Section 2(c) Should be Severed, if not Enforced.

As set forth in Jetro's moving papers, this Court should sever Section 2(c) as a potentially unenforceable shortened statute of limitation provision. (Def. Brf. at 14 n.7).[2]  *See Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 123-24 (2d Cir. 2010) (enforcing arbitration agreement after employer agreed to waive shortened the statute of limitations provision); *Alfonso v. Maggies Paratransit Corp.*, 203 F.Supp.3d 244, 251-52 (E.D.N.Y. 2016) (enforcing arbitration agreement where plaintiff could not demonstrate that shortened statute of limitations provision barred his claim).[3]  Plaintiffs argue implausibly that only the third, fourth and fifth sentences of Section 2(c) should be severed.  (Pl. Brf. at 7-8).  That outcome cannot stand however, in light of the Court's obligation to interpret Section 2(c) as a shortened statute of limitations provision – the only result consistent with the well-established contractual interpretation principles above.

---

[2] It bears noting that, as Jetro is a national employer, severance would not necessarily result in the other jurisdictions in which Jetro operates where, depending on the claims at issue, the reduced statute of limitations provision is clearly enforceable. *See, e.g.*, *Vega v. Fed. Express Corp.*, 2011 WL 4494751, *5-6 (S.D.N.Y. 2011) (plaintiff's age and race discrimination claims under New York State Human Rights Law time-barred because plaintiff agreed to file suit within six months of any alleged discrimination); *Cole v. Fed. Express. Corp.*, 2008 WL 4307090, *8-10 (E.D. Pa. 2008) (six-month contractual limitations period in FedEx's agreement with plaintiff reasonable and bars plaintiff from pursuing state common law claims); *Taylor v. W. & S. Life Ins. Co.*, 966 F.2d 1188, 1206 (7th Cir. 1992) (six-month contractual limitations period reasonable and not contrary to public policy under Illinois law in employment discrimination case); *Badgett v. Fed. Express Corp.*, 378 F.Supp. 2d 613 (M.D.N.C. 2005) (six-month limitations clause in plaintiff's employment agreement substantively reasonable under North Carolina law); *Felix v. Guardsmark, LLC*, 2014 WL 657177, *5-6 (D. Or. 2014) (six-month contractual limitation period bars state law anti-discrimination and family leave claims); *Myers v. Western-Southern Life Ins. Co.*, 849 F.2d 259, 260-62 (6th Cir. 1988) (six-month limitations provision not contrary to public policy under Michigan law); *Johnson v. DaimlerChrysler Corp.*, 2003 WL 1089394, *3-5 (D. Del. 2003) (six-month limitations period reasonable and bars state law claims).  To the extent the shortened statute of limitations provision is not clearly enforceable in the Second Circuit, Jetro has simply declined to enforce it here.
[3] Without explanation, Plaintiffs refer to Jetro's reliance on *Alfonso* as "misplaced," yet agree that it supports the proposition that the reduced statute of limitations provision should be severed. (Pl. Brf. at 8).

### 4. <u>Any Doubts Should be Resolved in Favor of Arbitration.</u>

Given that the existence of the Arbitration Agreement is not in dispute, Plaintiffs now bear the burden of demonstrating that the Agreement is "'inapplicable or invalid.'" *Alfonso*, 203 F.Supp.3d at 247 (*quoting Harrington v. Atl. Sounding Co., Inc.*, 602 F.3d 113, 124 (2d Cir. 2010)). They cannot satisfy this burden.

In the Second Circuit, "if there is a reading of the various agreements that permits the Arbitration Clause to remain in effect, we must choose it." *Bank Julius Baer & Co., v. Waxfield Ltd.*, 424 F.3d 278, 284 (2d Cir. 2005); *Severstal U.S. Holdings, LLC v. RG Steel, LLC,* 2012 WL 1901195 (S.D.N.Y. 2012) (court must choose the reading of the contract that permits enforcement of the arbitration clause). In *Matala-De Mazza v. Special Touch Home Care Servs., Inc.*, 2016 WL 6459623 (E.D.N.Y. 2016), the court considered whether to compel arbitration of a dispute between employees and their employer, where the parties disagreed over the temporal scope of the arbitration agreement. The court concluded that "it is not necessary to resolve the temporal scope of the arbitration agreement at this time." *Matala-De Mazza*, 2016 WL 6459623 at *2. Instead, the court reasoned that "[t]he strong federal policy in favor of arbitration" required it to compel arbitration because it could not "be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Id.* (*citing Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.*, 58 F.3d 16, 19 (2d Cir. 1995)). Because the court was able to identify an interpretation of the arbitration agreement that would cover the dispute, it compelled arbitration. *Id.*; *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983) ("doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability").

Here, because the Arbitration Agreement (including Section 2(c) is susceptible of an interpretation that would cover this dispute – indeed, that is the only reasonable interpretation – the

9

Court should, likewise, compel arbitration.  *See New River Elec., Corp. v. Blakeslee Arpaia Chapman, Inc.*, 2009 WL 5111566, *8 (D. Conn. 2009) (because arbitration agreement's existence is undisputed, arguments about whether claims fall outside the temporal scope should be decided by the arbitrator).

 *Mineola Garden City Co. v. Bank of Am.*, 49 F.Supp.3d 283 (E.D.N.Y. 2014), which Plaintiffs fail to distinguish, also compels this result.  (Def. Brf. at 16; Pl. Brf. at 10-11).  In *Mineola*, the court acknowledged that the "literal interpretation" of the arbitration agreement permitted the tenant to avoid arbitration simply by not inspecting the landlord's book and records.  However, the court rejected that interpretation as an "absurdity" that would "render the arbitration clause meaningless."  *Id.* at 287-88 (citations omitted).

 Plaintiffs attempt to distinguish *Mineola* on the grounds that the court there interpreted the original text of the arbitration agreement and here, purportedly in contrast, the Court is interpreting an arbitration agreement that has effectively been modified by Jetro's decision not enforce the one year filing limitation.  (Pl. Brf. at 11).  This purported distinction is irrelevant because both cases address the plaintiffs' attempt to limit the scope of an arbitration clause.  Here, as in *Mineola*, the Court is bound by the "strong federal policy in favor of arbitration," which "requires the Court to construe arbitration clauses as broadly as possible" and, moreover, the Arbitration Agreement, like the agreement in *Mineola*, contains no "clear and unambiguous" language "that would limit the scope of the arbitration clause" in the manner advocated by Plaintiffs.  *Id.* at 286-87 (citations and internal quotation marks omitted); *see also Alstom Chile, S.A. v. Mapfre Compania de Seguros Generales Chile S.A.*, 2013 WL 5863547, *3 (S.D.N.Y. 2013) (compelling arbitration without enforcing a pre-arbitration negotiation requirement that would lead to the "absurd" result that a party could avoid arbitration by foregoing negotiations).  As in *Mineola*, this Court should compel arbitration.

## CONCLUSION

For the foregoing reasons and the reasons set forth in their moving papers, Defendants respectfully request that the Court compel individual arbitration of Plaintiffs' claim.

Dated: New York, New York
       June 1, 2018

Respectfully submitted,

DRINKER BIDDLE & REATH LLP

By: /s/ Kate S. Gold
    Kate S. Gold, Esq. (*pro hac vice*)
    1800 Century Park East, Suite 1500
    Los Angeles, California 90067-1517
    Telephone:  (310) 203-4029
    Facsimile:  (310) 229-1285
    E-mail:  kate.gold@dbr.com

    William R. Horwitz, Esq.
    1177 Avenue of the Americas, 41st Floor
    New York, New York 10036-2714
    Telephone:  (212) 248-3140
    Facsimile:  (212) 248-3141
    E-mail:  william.horwitz@dbr.com

    Gregg Settembrino, Esq.
    600 Campus Drive
    Florham Park, New Jersey 07932
    Telephone: (973) 549-7024
    Facsimile:  (973) 360-9831
    E-mail:  gregg.settembrino@dbr.com

    Attorneys for Defendants
    Jetro Holdings, LLC, Jetro Cash and Carry
     Enterprises, and Restaurant Depot, LLC