

Kate S. Gold
310-203-4029 Direct
310-229-1285 Fax
Kate.Gold@dbr.com

*Law Offices*
1800 Century Park East
Suite 1500
Los Angeles, CA
90067-1517

310-203-4000
310-229-1285 fax
www.drinkerbiddle.com

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
TEXAS
WASHINGTON D.C.

June 11, 2018

**VIA ELECTRONIC CASE FILING**
The Honorable Pamela K. Chen, U.S.D.J.
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **Caccavelli, et al. v. Jetro Holdings, LLC, et al.
Civil Action No. 1:17-cv-7306**

Dear Judge Chen:

We represent Defendants Jetro Holdings, LLC, Jetro Cash and Carry Enterprises, LLC, and Restaurant Depot, LLC, in the above-referenced case. We write pursuant to the Order of June 4, 2018, in which the Court directed the parties to "file letters by June 11, 2018 addressing what impact, if any, the Supreme Court's recent decision in *Epic Systems Corp. v. Lewis*, No. 16-285, 137 S. Ct. 809 (2017) has on the motion pending before this Court." According to the Court's Order, this request was prompted by the argument in Plaintiffs' Opposition to Defendants' Motion to Compel Individual Arbitration and Stay Judicial Proceedings.

*Epic Systems* forecloses Plaintiffs' argument that the class/collective action waiver in the Arbitration Agreements is unenforceable and mandates that Plaintiffs' claims be compelled to arbitration on an individual basis. In each of the three consolidated cases before the Court in *Epic Systems*, an employer and employee had entered into a written contract that provided for individualized arbitration proceedings to resolve employment disputes. Each employee nonetheless sought to litigate his or her FLSA and related state law claims for unpaid overtime pay through class or collective actions, and argued that his or her agreement violated the National Labor Relations Act ("NLRA") and the Norris-LaGuardia Act ("NLGA"), by requiring individualized proceedings. The Supreme Court held that the Federal Arbitration Act ("FAA") protects agreements requiring arbitration from judicial interference and that neither the FAA's savings clause nor the NLRA or NLGA demands a different conclusion. The Court thus held that all of the claims must be arbitrated on an individual basis. *Epic Sys. Corp. v. Lewis*, 2018 WL 2292444, *3 (2018).

Here, Plaintiffs served their opposition brief before the Supreme Court issued the *Epic Systems* decision. In their brief, Plaintiffs made the identical arguments the Supreme Court addressed in *Epic Systems*. (Pl. Brf. at 14-16; Dkt. 36) ("The Class/Collection [sic] Waiver violates the substantive requirements of the National Labor Relations Act … and the Norris-La Guardia Act … requiring the provision be severed"); *see Epic Systems Corp.*, 2018 WL 2292444 at *3 and *11. In addition, Plaintiffs expressed the hope that, with

*Established* 1849

92782322

DrinkerBiddle&Reath
LLP

The Honorable Pamela K. Chen, U.S.D.J.
June 11, 2018
Page 2

regard to class/collective action waivers: "if such provisions are held [in *Epic Systems*] to be enforceable, the ruling may be narrow, and possibly not applicable to the instant Class/Collective Waiver." (Pl. Brf. at 13; Dkt. 36). On May 21, 2018, the Supreme Court's *Epic Systems* decision left no possibility for Plaintiffs to evade the class/collective action waiver to which they agreed in the Arbitration Agreements. (*See* Def. Brf. at 1-2; Dkt. 34).

The *Epic Systems* ruling was extremely broad and plainly applies to the class/collective action waiver at issue here. Indeed, the decision includes minimal discussion of the facts of the three cases underlying the consolidated appeal, instead noting, by way of example, that one of the cases involved a junior accountant whose arbitration agreement provided for "individualized arbitration" and that all three cases "differ[ed] in detail but not in substance." *Epic Sys. Corp.*, 2018 WL 2292444 at *4. Thus, the holding was not fact-specific or narrow. The Supreme Court intended the decision to apply broadly and left no room for exceptions. As the Supreme Court explained:

> The parties before us contracted for arbitration. They proceeded to specify the rules that would govern their arbitrations, indicating their intention to use individualized rather than class or collective action procedures. And this much the Arbitration Act seems to protect pretty absolutely.

*Id.* at *6 (citations omitted). Simply stated, the FAA requires courts to honor class and collective action waivers. As the Court explained, "[i]n the Federal Arbitration Act, Congress has instructed federal courts to enforce arbitration agreements according to their terms – including terms providing for individualized proceedings." *Id.* at *3.[1]

In *Epic Systems*, the Supreme Court concluded: "Congress has instructed that arbitration agreements like those before us must be enforced as written." *Id.* at *17.

---

[1] In support of their argument to invalidate the class/collective action waiver, Plaintiffs misplaced reliance on *Spano v. V & J Nat'l Enters.*, LLC, 264 F.Supp.3d 440 (W.D.N.Y. 2017), and *Killion v. KeHE Distribs., LLC*, 761 F.3d 574 (6th Cir. 2014) (Pl. Brf. at 13 and n.6; Dkt. 36). In *Spano*, the court held that the employer waived arbitration by failing to submit filing fees, but did not rule on the employer's request to strike the class and collective action allegations and stayed the case pending a decision in *Epic Systems*. *Spano*, 204 F.Supp.3d at 461-62. In *Killion*, the Sixth Circuit considered the enforceability of a class and collective action waiver contained in a severance agreement with no arbitration clause and observed that the "line of precedents [in favor of enforcing arbitration agreements] is of only minimal relevance here because the plaintiffs' collective-action waivers in this case contained no arbitration clause." *Killion*, 761 F.3d at 591. The Court further explained that, "*[b]ecause no arbitration agreement is present in the case before us*, we find no countervailing federal policy that outweighs the policy articulated in the FLSA." *Id.* at 592 (emphasis added). The Sixth Circuit left no doubt that, had the waiver been contained in an arbitration agreement – as it is here – the waiver would have been enforceable. Thus, both *Spano* and *Killion* support enforcement of the class/collective action waiver here.

92782322

DrinkerBiddle&Reath
LLP

The Honorable Pamela K. Chen, U.S.D.J.
June 11, 2018
Page 3

Following the same reasoning, the Arbitration Agreements in this case should be enforced and arbitration compelled on an individual basis.

 Thank you for Your Honor's attention to this matter.

           Respectfully submitted,

           */s/ Kate S. Gold*

           KATE S. GOLD
           (*pro hac vice*)

cc: Rebecca S. Predovan, Esq. (via electronic mail)
   Camar R. Jones, Esq. (via electronic mail)
   Charles Gershbaum, Esq. (via electronic mail)
   David A. Roth, Esq. (via electronic mail)
   Gregg I. Shavitz, Esq. (via electronic mail)
   Marc S. Hepworth, Esq. (via electronic mail)
   Paolo C. Meireles, Esq. (via electronic mail)
   William R. Horwitz, Esq. (via electronic mail)
   Gregg Settembrino, Esq. (via electronic mail)

DrinkerBiddle&Reath
LLP

92782322