UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MARISA CACCAVELLI and LEE PROPHET,
on behalf of themselves and all others similarly
situated,

                   Plaintiff,

      - against-

JETRO HOLDINGS, LLC, JETRO CASH
AND CARRY ENTERPRISES, LLC, and
RESTAURANT DEPOT, LLC,

                   Defendant.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
17-CV-7306 (PKC) (SMG)

PAMELA K. CHEN, United States District Judge:

Plaintiffs Marisa Caccavelli and Lee Prophet ("Plaintiffs") bring this collective action against Defendants Jetro Holdings, LLC, Jetro Cash and Carry Enterprises, LLC, and Restaurant Depot, LLC ("Defendants") for violations of the Fair Labor Standards Act ("FLSA"). Before the Court is Defendants' motion to compel arbitration. For the reasons stated herein, Defendants' motion is granted and any further proceedings are stayed pending the conclusion of the arbitration proceedings.

**BACKGROUND**[1]

Plaintiff Maria Caccavelli worked at Defendant Restaurant Depot from June 2010 until September 2015, and then again from January 2016 until November 2016. (Complaint ("Compl."), Dkt. 1, at ¶¶ 5–6.) In connection with her re-hiring in January 2016, Caccavelli electronically

---

[1] "'In the context of motions to compel arbitration[,] . . . the court applies a standard similar to that applicable for a motion for summary judgment,' and courts may therefore consider materials outside the complaint, including the arbitration agreement itself." *Alfonso v. Maggies Paratransit Corp.*, 203 F. Supp. 3d 244, 247 (E.D.N.Y. 2016) (quoting *Bensadoun v. Jobe–Riat*, 316 F.3d 171, 175 (2d Cir.2003)).

agreed to the Arbitration Agreement (the "Agreement") at issue in this case. (Declaration of Shez Darden ("Darden Decl."), Dkt. 35-3, at ¶¶ 16–17; *see also id.* at 9–14 (copy of signed Caccavelli Arbitration Agreement)[2].) Plaintiff Lee Prophet worked for Restaurant Depot from July 2012 until September 2016. (Compl., at ¶ 7.) On November 2, 2015, Prophet electronically signed the same Agreement. (Darden Decl., at ¶ 26.) Plaintiffs filed their complaint in this action, on behalf of themselves and all others similarly situated, on December 15, 2017, alleging that Defendants had failed to pay them overtime wages. (Dkt. 1.) Defendants' motion to compel arbitration was fully briefed on June 1, 2018. (Dkt. 35.)

## LEGAL STANDARD

The Federal Arbitration Act ("FAA") "embod[ies] [a] national policy favoring arbitration." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 346 (2011). This Circuit considers two factors to determine whether claims are arbitrable: "(1) whether the parties have entered into a valid agreement to arbitrate, and, if so, (2) whether the dispute at issue comes within the scope of the arbitration agreement." *In re Am. Exp. Fin. Advisors Sec. Litig.*, 672 F.3d 113, 128 (2d Cir. 2011). "The party seeking to stay the case in favor of arbitration bears an initial burden of demonstrating that an agreement to arbitrate was made." *Hines v. Overstock.com, Inc.*, 380 F. App'x 22, 24 (2d Cir. 2010). Once this burden is met, the party "seeking to avoid arbitration generally bears the burden of showing the agreement to be inapplicable or invalid." *Alfonso*, 203 F. Supp. 3d at 247. Under this burden-shifting framework, a motion to compel arbitration must be denied "[i]f there is an issue of fact as to the making of the agreement for arbitration," *Brown v. St. Paul Travelers Companies, Inc.*, 331 F. App'x 68, 69 (2d Cir. 2009) (citation omitted), or "where the court is [not]

---

[2] Page numbers refer to the pagination generated by the court's CM/ECF docketing system, and not the document's internal pagination.

satisfied that the parties agreed to arbitrate th[e] dispute" at issue, *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 297 (2010).

## DISCUSSION

Plaintiffs do not dispute that the Agreement in this case is a "valid agreement to arbitrate" and that claims brought under the FLSA are within the subject matter scope of Defendants' Agreement. (*See* Arbitration Agreement ("Agreement"), Dkt. 27-1, at § 2(a).) Instead, Plaintiffs argue that the claims at issue do not come within the temporal scope of the Agreement and, therefore, are not subject to arbitration. Additionally, Plaintiffs argue that the Agreement's Class or Collective Action Waiver is unenforceable. The Court will address each of these arguments in turn.

**I.  Temporal Scope of the Agreement**

Section 2(c) of the Agreement states, *inter alia*,

> <u>Temporal Scope - One-Year Filing Period</u>: A dispute is within the temporal scope of this Agreement if it is submitted to arbitration in accordance with this Agreement within <u>one year</u> after the date it accrued. Accordingly, no dispute shall be eligible for submission to arbitration under this Agreement where <u>one year</u> shall have elapsed from the occurrence or event that gave rise to the dispute, such as . . . when a continuing violation theory is asserted, where one year has elapsed from the most recent occurrence or event in the asserted continuing violation. The Company and Employee waive any statute of limitation or repose applicable to any claim within the subject matter scope of this Agreement to the extent such is of any length greater than one year.

(Agreement, at § 2(c) (emphasis in original).) Plaintiffs argue that this section should be interpreted to mean that any claim filed within one year of the occurrence or event that gave rise to the dispute must be arbitrated, but that any claim filed after that one-year period is outside of the Agreement and, therefore, not subject to arbitration. (Plaintiffs' Brief ("Pls.' Br."), Dkt. 36, at

3

12.) Under Plaintiffs' reading of the subsection, their claims are not subject to arbitration because they were filed outside of the Agreement's temporal scope.³

Plaintiffs are partially correct, but not in the way that they hoped. Plaintiffs are correct that their claims should not be subject to arbitration outside of the one-year period; they should be dismissed with prejudice instead. Section 4(c) of the Agreement states,

> <u>Disputes Not Submitted to Arbitration in Accordance With This Agreement:</u> With respect to any dispute within the subject matter scope of this Agreement, the failure to request arbitration within the time and according to the procedures set forth herein shall operate as waiver and general release in favor of the defending party or parties of any and all claims arising out of such dispute, and a waiver and general release of any and all rights the waiving party had or might have to assert such claims in any forum. **The Parties intend that no court or arbitrator shall have the power or authority to consider or rule on the merits of any dispute that is within the subject matter scope of this Agreement and is asserted after the expiration of the <u>one-year</u> filing period, and that such court or arbitrator shall instead dismiss with prejudice any claim so asserted as waived, released, and/or time-barred pursuant to this Agreement.**

(Agreement, at § 4(c) (bold added; underline in original).) Thus, the plain language of the Agreement indicates that the Court should dismiss Plaintiffs' claims as time-barred because they were filed after the expiration of the one-year filing period. However, Defendants have asked, for purposes of this motion, that the Court not enforce this automatic dismissal, but, instead, allow Plaintiffs to arbitrate their claim. (Defendants' Brief ("Defs.' Br."), Dkt. 35-1, at 12, 16-19.) Defendants ask the Court to adopt this course of action because "[t]he enforceability of agreements to shorten statutes of limitations in the Second Circuit is not settled," (*id.* at 18 n.7 (citing cases)), and it appears that Plaintiffs filed this action within the FLSA's statute of limitations period, *Sharma v. Burberry Ltd.*, 52 F. Supp. 3d 443, 461 (E.D.N.Y. 2014) ("The FLSA provides a two-

---

³ Plaintiffs allege that Defendants failed to pay them overtime during their entire period of employment. (*See generally* Dkt. 1.) Caccavelli worked for Defendants until November 2016 and Prophet worked until September 2016, but their complaint was not filed until December 2017.

4

year statute of limitations on actions to enforce its provisions unless the violation was willful, in which case the limitations period is three years.").

Plaintiffs, of course, do not object to Defendants' waiver of any statute of limitations defense under Section 2(c) of the Agreement. (Pls.' Br., at 13.) Rather, Plaintiffs assert that the Agreement's statute of limitations language is distinct from its temporal scope, which they argue only requires arbitration within a "one-year filing period" after a given violation occurs. (*Id*. at 12-13.) Thus, under Plaintiffs' interpretation, arbitration is only mandatory under the Agreement for one year, after which time a claimant would be free to file claims in other dispute resolution venues. (*Id*.) Plaintiffs' argument is meritless for two reasons.

First, "a literal interpretation [of the Agreement] would render the arbitration clause meaningless," *Mineola Garden City Co. v. Bank of Am.*, 49 F. Supp. 3d 283, 287 (E.D.N.Y. 2014), and New York law "disfavors interpretations that render contract provisions meaningless or superfluous," *Manley v. AmBase Corp.*, 337 F.3d 237, 250 (2d Cir. 2003). Using Plaintiffs' logic, filing a claim within one year is a prerequisite to arbitration and, therefore, a plaintiff "can always avoid the arbitration clause" by just waiting a year and a day after the last violation to file their claim. *Mineola*, 49 F. Supp. 3d at 287. This is an absurd result, particularly because Section 4(c) makes clear that a claim filed a year and a day after the last violation would result in the case being dismissed entirely. Plaintiff's proposed "literal reading would cut against the principle that contracts must be interpreted to avoid absurdity." *Id.* at 288; *see also Medical Self Care, Inc. ex rel. Development Specialists, Inc. v. National Broadcasting Co., Inc*., No. 01-CV-4191, 2003 WL 1622181, at *4 (S.D.N.Y. March 28, 2003) ("A contract must be construed, if possible, to avoid an interpretation that will result in an absurdity, an injustice[,] or have an inequitable or unusual result.").

Second, the Second Circuit has held that "doubts as to arbitrability should be resolved in favor of coverage," and arbitration should be ordered "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 847 (2d Cir. 1987) (citation and internal quotation marks omitted); *see also Mineola*, 49 F. Supp. 3d at 287. Here, Sections 2(c) and 4(c) make it clear that the Agreement is intended to cover disputes during the entire statute of limitations period (truncated or otherwise) and, as Section 1 of the Agreement emphatically states, arbitration is intended to be the "MANDATORY AND EXCLUSIVE DISPUTE RESOLUTION METHOD." (Agreement, at § 1 (emphasis in original).) This conclusion is buttressed by the language of Section 1, which states that "[t]he Company and Employee hereby agree that the exclusive method for resolving disputes, claims or controversies that are within and not excluded from the scope of this Agreement, whenever they shall have arisen, shall be final and binding arbitration," and Section 4(b), which states that "[a]rbitration pursuant to this Agreement is the exclusive method for resolving disputes that are within the scope of this Agreement" and "except through arbitration in accordance with this Agreement[,] . . . neither the Company nor the Employee shall have any right, and each Party hereby waives any and all rights, to receive individualized relief." The Agreement is, therefore, "susceptible of an interpretation that covers the asserted dispute," and arbitration is compelled with respect to all claims in this action.

## II.     Enforceability of the Class/Collective Action Waiver

Plaintiffs initially argued that the Agreement's Class or Collective Action Waiver (*see* Agreement, at § 4(d)) is unenforceable in FLSA and wage-and-hour cases because it "violates the substantive requirements of the National Labor Relations Act . . . and the Norris-LaGuardia Act." (Pls.' Br., at 20-22.) However, Plaintiffs subsequently conceded that the Supreme Court's recent

6

decision in *Epic Systems Corp. v. Lewis*, 138 S.Ct. 1612 (2018), requires the enforcement of the Agreement's Class or Collective Action Waiver if Plaintiffs' claims are found to be within the Agreement's temporal scope. (Plaintiffs' Supplemental Letter, Dkt. 38, at 3); *see also Epic Sys. Corp.*, 138 S.Ct. at 1619 ("In the Federal Arbitration Act, Congress has instructed federal courts to enforce arbitration agreements according to their terms—including terms providing for individualized proceedings. Nor can we agree . . . that the National Labor Relations Act (NLRA) offers a conflicting command."). As discussed above, the Court finds that Plaintiffs' claims are within the Agreement's temporal scope. Therefore, the Agreement's Class or Collective Action Waiver is enforceable.

## CONCLUSION

For the reasons stated herein, Defendants' motion to compel arbitration is granted and any further proceedings are stayed pending the conclusion of the arbitration proceedings. *See Katz v. Cellco P'ship*, 794 F.3d 341, 343 (2d Cir. 2015) (holding that the FAA "requires a stay of proceedings when all claims are referred to arbitration and a stay requested").

SO ORDERED.

 /s/ Pamela K. Chen  
PAMELA K. CHEN  
United States District Judge

Dated: February 8, 2018  
      Brooklyn, New York