

## HEPWORTH, GERSHBAUM & ROTH, PLLC.
192 LEXINGTON AVENUE, SUITE 802, NEW YORK, NEW YORK 10016
HGRLAWYERS.COM T: (212) 545-1199 F: (212) 532-3801

December 30, 2019

**VIA ECF**
Pamela K. Chen, U.S.D.J.
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   *Caccavelli, et al. v. Jetro Holdings, LLC, et al.*
           Case No.: 1:17-cv-07306-PKC-SMG

Dear Judge Chen:

    This firm represents Plaintiffs Marisa Caccavelli and Lee Prophet (collectively, "Plaintiffs") in the above-referenced action. Plaintiffs' write in response to the Court's December 3, 2019 Order requesting the parties submit an application to have their settlement agreement approved pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

    Plaintiffs filed this action on, December 15, 2017.  Dkt. No. 1.  On February 8, 2018, the Court granted Defendants' motion to compel, and referred all claims to arbitration. *See* Dkt. No. 39 at 7 (quoting *Katz v. Cellco P'ship*, 794 F.3d 341, 343 (2d Cir. 2015) (the FAA "requires a stay of proceedings when all claims are referred to arbitration and a stay requested").  In accordance with the Federal Arbitration Act ("FAA"), "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983).

    As this claim is now subject to, and has in fact been compelled to arbitration, the parties can no longer avail themselves of this forum. *Agha v. TForce Final Mile*, LLC, 2018 WL 6982112, at *2 (S.D.N.Y. Dec. 26, 2018) (holding that a party cannot seek *Cheeks* approval in a judicial forum, once a matter has been compelled to arbitration).[1]

---

[1] Federal District Courts can only exert jurisdiction concerning settlement agreements in two situations: (1) where the prior order of dismissal contains an express provision retaining the district court's jurisdiction over the settlement agreement, and (2) where the order dismissing the suit specifically incorporates the terms of the settlement agreement as an operative part of the order.  *Scelsa v. City University of New York*, 76 F.3d 37, 40 (2d Cir. 1996).

   Thus, it is respectfully submitted that as a result of this Court's ruling, it no longer has jurisdiction over this action, and the parties cannot seek *Cheeks* approval in this forum. Plaintiffs therefore request that this matter be dismissed in its entirety with prejudice, pursuant to the parties' joint Stipulation of Dismissal, Dkt. No. 42, without further briefing by the parties. Defendants do not oppose this request. We thank the Court for its attention to this matter. Please do not hesitate to contact the undersigned with questions.

              Respectfully submitted,

              *s/ Rebecca Predovan*
              Rebecca Predovan, Esq.

Cc: Counsel of Record (Via ECF)