UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
MARISA CACCAVELLI and LEE PROPHET,

                Plaintiffs,          **MEMORANDUM & ORDER**
                                                    17-CV-7306 (PKC) (SMG)

    - against -

JETRO CASH AND CARRY ENTERPRISES,
LLC; JETRO HOLDINGS, LLC; and
RESTAURANT DEPOT, LLC,

                Defendants.
-------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

        On December 15, 2017, Plaintiffs filed a collective action complaint against Defendants to recover overtime compensation for themselves and similarly situated co-workers, pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq*. (Complaint ("Compl."), Dkt. 1.) Pending before the Court is Plaintiffs' unopposed motion to dismiss this case with prejudice, without submitting the parties' settlement to the Court for review and approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). (Dkt. 43.) For the reasons contained herein, that motion is denied.

## BACKGROUND

        In conjunction with Plaintiffs' collective-wide factual allegations (Compl., Dkt. 1, ¶¶ 43–54), Plaintiffs assert a single cause of action for failure to pay overtime wages as required by the FLSA (*id.* ¶¶ 67–78). After Plaintiffs filed their action, Defendants moved to compel arbitration (Dkts. 27, 35; *see also* Mar. 19, 2018 Minute Entry), which the Court granted by Memorandum and Order on February 8, 2019. *See Caccavelli v. Jetro Holdings, LLC*, No. 17-CV-7306 (PKC) (SMG), 2019 WL 499767, at *1 (E.D.N.Y. Feb. 8, 2019). The Court stayed this matter pending the conclusion of the arbitration process. *Id.* On December 2, 2019, before the parties completed

1

the arbitration process, they filed a proposed stipulation of dismissal, indicating that the matter had been "amicably resolved," and asking that the case be "dismissed in [its] entirety with prejudice as against all parties and without costs against any party." (Stipulation of Dismissal, Dkt. 42.) On December 3, 2019, the Court, in effect, denied that request, instead directing the parties to submit their settlement agreement to the Court for a *Cheeks* review:

> In light of the parties' notice of settlement, all pretrial deadlines are adjourned *sine die*. The parties shall file their settlement agreement and motion for settlement approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), by January 3, 2020.

(Dec. 3, 2019 Order.) The Court then referred the parties' motion for settlement approval to the presiding Magistrate Judge, the Honorable Steven M. Gold, for a report and recommendation. (*Id.*)

On December 30, 2019, instead of submitting their agreement for approval under *Cheeks*, Plaintiffs, with Defendants' consent, filed a motion to dismiss this action with prejudice. (Dkt. 43.) The next day, the Court adjourned the January 3, 2020 deadline to file a motion for settlement approval. (Dec. 31, 2019 Order.) Thus, the issue now before the Court is whether to grant Plaintiffs' motion to dismiss this matter with prejudice without a *Cheeks* review.

## DISCUSSION

The backdrop to this matter is provided by the interaction of two federal statutes: the Federal Arbitration Act ("FAA")[1], pursuant to which this Court compelled the parties to arbitrate, *see Caccavelli*, 2019 WL 499767, at *1–3, and the FLSA. Plaintiffs argue that as a result of this

---

[1] "The principal purpose of the FAA is to ensure that private arbitration agreements are enforced according to their terms[,] . . . [t]he point of . . . [which] is to allow for efficient, streamlined procedures tailored to the type of dispute." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) (internal quotation marks, alteration, and citations omitted). The Supreme Court has "repeatedly described the [FAA] as embodying a national policy favoring arbitration." *Id.* at 346 (internal quotation marks, alteration, and citations omitted). Arbitration conducted under the FAA is binding. *See Milligan v. CCC Info. Servs. Inc.*, 920 F.3d 146, 151–52 (2d Cir. 2019).

2

Court's prior ruling compelling the parties to arbitrate under the FAA, "it no longer has jurisdiction over this action, and the parties cannot seek *Cheeks* approval in this forum." (Dkt. 43, at ECF[2] 2.) Therefore, Plaintiffs posit, "this matter [should] be dismissed in its entirety with prejudice, pursuant to the parties' joint Stipulation of Dismissal, without further briefing by the parties." (*Id.* (record citation omitted).) The Court disagrees and finds that a *Cheeks* review for fairness is required where a Court retains jurisdiction over a matter by staying a case, *and* a FLSA case settles before arbitration is concluded.[3]

The Second Circuit has not settled the issue currently before the Court,[4] and so the Court looks to the principles underlying the FLSA and enunciated by the Circuit in resolving this matter. *Cf. Carson v. Team Brown Consulting, Inc.*, 416 F. Supp. 3d 137, 139 (E.D.N.Y. 2017) ("The propriety of mandating judicial review is far from settled and will ultimately be resolved by the

---

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

[3] The Court acknowledges that its ruling might be different if the parties had completed the arbitration process and Plaintiffs had received an arbitral award that the Court could presume the arbitrator had determined to be fair and reasonable.

[4] The Court acknowledges that the one other district court within this Circuit to have considered the same issue reached the opposite result—a decision relied upon by Plaintiffs. *See Agha v. TForce Final Mile, LLC*, No. 17-CV-7301 (WHP), 2018 WL 6982112 (S.D.N.Y. Dec. 26, 2018). There, the court held that by entering into a binding arbitration agreement, the plaintiff had foregone any right to a judicial forum and, with it, a *Cheeks* review of any settlement agreement. *Id.* at *2 ("Having commenced the arbitration process pursuant to a court order compelling arbitration under a valid and enforceable arbitration provision, the parties waived their choice of a judicial forum."); *id.* (rejecting plaintiff's argument that judicial review was necessary to prevent the possibility that an arbitrator award plaintiff nothing as "inconsistent with [the] principal objective of the FAA to 'ensure judicial enforcement of privately made agreements to arbitrate'" (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 219–20 (1985))). Though the *Agha* court stayed the action pending arbitration as required by the FAA, the court concluded that it did not retain jurisdiction over the matter once arbitrability was no longer an issue. *Id.* at *1–2 ("Simply put, this is no longer a case in which arbitrability is itself an issue.") This Court, however, is not bound by this decision, with which it respectfully disagrees, based on its own, different balancing of the interests to be protected through the FAA and the FLSA.

Second Circuit.  Until such time, the district court must be guided, first and foremost, by the policy considerations underlying *Cheeks*. In view of those policy considerations, this Court concludes that judicial review and approval should be required in this case.").  The FLSA is a "uniquely protective statute," and has the remedial purpose of "prevent[ing] abuses by unscrupulous employers, and remedy[ing] the disparate bargaining power between employers and employees," thereby requiring "employee protections, even where the employees are represented by counsel." *Cheeks*, 796 F.3d at 204.  In *Cheeks v. Freeport Pancake House, Inc.*, the Second Circuit considered "whether parties may settle FLSA claims with prejudice, without court approval or [Department of Labor] supervision, under Federal Rule of Civil Procedure [("FRCP")] 41(a)(1)(A)(ii)." *Id.* at 201.  The Circuit concluded that, in light of the case law, and "in light of the unique policy considerations underlying the FLSA," the FLSA is placed within FRCP 41's "applicable federal statute" provision, prohibiting a dismissal absent a court order. *Id.* at 206.

There has been much written about whether, following the Second Circuit's ruling in *Cheeks*, a FLSA case can be compelled to binding arbitration pursuant to the FAA, and whether a district court can stay the matter during the course of arbitration.  In *Katz v. Cellco Partnership*, the Second Circuit considered whether a District Court may stay a proceeding brought under the FLSA after that proceeding has been mandated to arbitration pursuant to the FAA.  794 F.3d 341, 347 (2d Cir. 2015).  The Circuit concluded that, given the "text, structure, and underlying policy" of the FAA, the statute "mandate[s] a stay of proceedings when all of the claims in an action have been referred to arbitration and a stay requested." *Id.*  Moreover, the Circuit found that "absent a statute or rule to the contrary, federal district courts possess the *inherent power* to stay pending

litigation when the efficacious management of court dockets reasonably requires such intervention." *Id.* (citations omitted) (emphasis added).[5]

Following *Katz*, courts within this Circuit have routinely stayed FLSA cases pending arbitration, *see, e.g.*, *Vargas v. Bay Terrace Plaza LLC*, 378 F. Supp. 3d 190, 198 (E.D.N.Y. 2019), and will at times do so with the express purpose of retaining jurisdiction to permit parties to file ancillary applications even after all of the claims have been referred for arbitration, *see, e.g.*, *Reyes v. Gracefully, Inc.*, No. 17-CV-9328 (VEC), 2018 WL 2209486, at *9 (S.D.N.Y. May 11, 2018) ("The Court will retain jurisdiction over this [FLSA] action to enforce the arbitral award, if necessary."); *Zambrano v. Strategic Deliver Sols., LLC*, No. 15-CV-8410 (ER), 2016 WL 5339552, at *7 (S.D.N.Y. Sept. 22, 2016) (noting that an arbitration agreement can be invalidated with a showing of prohibitive fees); *Alfonso v. Maggies Paratransit Corp.*, 203 F. Supp. 3d 244, 251 (E.D.N.Y. Aug. 23, 2016) (retaining jurisdiction in FLSA and FAA matter to "permit[] Plaintiff to seek further relief from this Court should he later find himself precluded from arbitrating his claims"). Although the arbitrator will have primary jurisdiction over deciding the substantive claims in the parties' dispute, a court compelling parties to arbitration under the FAA does not divest itself of full jurisdiction over the case by doing so. *Cf. Shasha for Violet Shuker*

---

[5] The Court notes that much of the rationale of staying a FLSA case pending arbitration is inapplicable to this matter, and involves the

> speed with which the arbitration of the dispute may begin because a dismissal is reviewable by an appellate court[,] . . . whereas a stay is an unappealable interlocutory order[.] . . . Staying the action is, therefore, more likely to allow the matter to proceed to arbitration in an expeditious manner.

*Guida v. Home Savings of Am., Inc.*, 793 F. Supp. 2d 611, 620 (E.D.N.Y. 2011); *see also Arthur Anderson LLP v. Carlisle*, 556 U.S. 624, 625 (2009) ("Section 3 of the [FAA] entitles litigants in federal court to a stay of any action that is 'referable to arbitration under an agreement in writing.' Section 16(a)(1)(A), in turn, allows an appeal from 'an order refusing a stay of any action under [S]ection 3.'" (internal citations and alteration omitted)).

*Shasha Living Tr. v. Malkin*, No. 14-CV-9989 (AT) (RWL), 2018 WL 3323818, at *1 (S.D.N.Y. Jul. 5, 2018) ("This Court had federal question jurisdiction when Plaintiffs filed this lawsuit and retains jurisdiction over any subsequent application involving the same agreement to arbitrate.") (decided in context of questions involving deferring evidentiary issues to arbitrator); *but see Agha*, 2018 WL 6982112, at *2 ("This Court has already remitted this action for arbitration in accord with the parties' agreement. They cannot now avail themselves of a judicial forum."); *id.* (quoting *Dean Witter Reynolds*, 470 U.S. at 218, for the proposition that, "[b]y its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed" (emphasis in original)).

The Court also weighs heavily the plain language of the Second Circuit in *Cheeks*: "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect." 796 F.3d at 206; *accord Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 411 (2d Cir. 2019) ("The holding in *Cheeks* was limited to Rule 41(A)(1)(A)(ii) dismissals with prejudice."). That is the same judicial action sought here, with the same permanence of the result.

Moreover, courts have ordered a *Cheeks* review in scenarios where the procedural posture of the case might not fit squarely within the holding of *Cheeks*, but the parties' position, "if unchecked, could become standard practice, effectively undermining the courts' statutory obligation to oversee the settlement of FLSA claims." *Gallardo v. PS Chicken Inc.*, 285 F. Supp. 3d 549, 553 (E.D.N.Y. 2018) (requiring a *Cheeks* review after the parties engaged in protracted settlement negotiations and then the plaintiff filed a notice of dismissal without prejudice). The same concern animates the Court's ruling here: allowing the parties in a FLSA case who, despite

6

being subject to binding arbitration, jointly agree not to arbitrate the plaintiff's claim and instead reach an unsupervised settlement, would amount to an open invitation to evade the fairness assessment mandated by *Cheeks* altogether. It would create a massive loophole to the review mechanism for FLSA settlements that could be exploited by unscrupulous counsel or employers, which is precisely the danger *Cheeks* sought to address. *Cheeks*, 796 F.3d at 206. While "[t]he rationale of *Cheeks* [] is assurance of the fairness of a settlement of a claim filed in court, not a guarantee of a judicial forum," *Rodriguez-Depena v. Parts Auth., Inc.*, 877 F.3d 122, 124 (2d Cir. 2017), some judicial forum is required where the parties seek to evade all review of a FLSA settlement.

That FLSA claims are arbitrable, *see id.* at 123, does not undermine the Court's belief that, at least in cases where no arbitral award has been issued, the parties' settlement is subject to judicial review under *Cheeks*. If anything, the rationale for not requiring a *Cheeks* review when a case is resolved through arbitration reinforces this conclusion. As the Honorable Guido Calabresi explained in his dissent in *Yu v. Hasaki Restaurant, Inc.*, FLSA claims are arbitrable "because the kind of third-party supervision that arbitration affords was deemed to be sufficiently similar to court (or Department of Labor) approval to be valid under the FLSA." 944 F.3d at 420 n.7 (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985), for the proposition that "[b]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum"). In the same vein, courts have carved out exceptions to traditional *Cheeks* review when a settlement agreement has already been reviewed, such as a bankruptcy proceeding. *See, e.g., Gao v. Perfect Team Corp.*, 249 F. Supp. 3d 636, 638–39 (E.D.N.Y. 2017) ("Although *Cheeks* clearly announced the need for court approval, it did not define the contours of the approval analysis or

7

protocols it envisioned. . . . The *Cheeks* analysis required of the Court to determine whether the 'proposed' Rule 41(a) settlement of these wage and hour claims is 'fair and reasonable,' for all practical purposes, begins and ends with the reality that the bankruptcy court has already approved the Settlement.").

In sum, the Court finds that it retains jurisdiction over this matter and that, under the circumstances of this case, *Cheeks* requires the Court to review the parties' settlement and to find that is fair and reasonable, before the Court may dismiss it with prejudice pursuant to FRCP 41(a)(1)(A)(ii).

## CONCLUSION

For the reasons contained herein, Plaintiffs' motion to dismiss this action with prejudice is denied. The parties shall file their settlement agreement and joint motion for settlement approval within thirty (30) days of this Memorandum and Order. That motion is respectfully referred to the Honorable Steven M. Gold. The parties are encouraged to consent to Judge Gold's jurisdiction under 28 U.S.C. § 636(c). If the parties consent, they can file form AO85, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge." The form is available at https://www.nyed.uscourts.gov/forms/clerks-notice-rule-73-and-ao-85-rev-edny-notice-consent-and-reference-civil-action-magistrate. It must be signed by all parties and filed electronically.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 25, 2020
   Brooklyn, New York