## AMENDED SETTLEMENT AGREEMENT AND GENERAL RELEASE

This AMENDED SETTLEMENT AGREEMENT AND GENERAL RELEASE ("Amended Agreement") is made and entered into by and between MARISSA CACCAVELLI ("CACCAVELLI") and JETRO HOLDINGS, LLC, JETRO CASH AND CARRY ENTERPRISES, LLC, AND RESTAURANT DEPOT, LLC (collectively, "JETRO"). In this Amended Agreement, each of the foregoing parties may be referred to as a "Party" and together as the "Parties."

WHEREAS, CACCAVELLI is a former JETRO employee;

WHEREAS, a dispute arose between the Parties concerning JETRO's employment of CACCAVELLI and another former JETRO employee, Lee Prophet ("Prophet"), which dispute is the subject of a lawsuit pending in the United States District Court for the Eastern District of New York (the "Court"), *Marissa Caccavelli and Lee Prophet v. Jetro Holdings, LLC, Jetro Cash and Carry Enterprises, LLC, and Restaurant Depot, LLC* (Civil Action No. 17-cv-7306-PKC-SMG) (the "Action");

WHEREAS, JETRO denies that it violated any law or took any unlawful or inappropriate action toward CACCAVELLI or Prophet with regard to their compensation or any other aspect of their employment or the termination of their employment.

WHEREAS, CACCAVELLI, Prophet and JETRO negotiated a settlement of the Action and submitted a Settlement Agreement and General Release for approval by the Court on December 17, 2020;

WHEREAS, on December 17, 2020, the Court entered an Order requiring the parties to inform the Court as to whether they would agree to certain modifications to the Settlement Agreement and General Release;

WHEREAS, the parties agreed to certain modifications to the Settlement Agreement and General Release and negotiated this Amended Agreement;

WHEREAS, the parties agree that this Amended Agreement supersedes and replaces any and all prior settlement agreements between the parties including their Settlement Agreement and General Release;

WHEREAS, CACCAVELLI and JETRO wish to avoid the risks and costs of litigation or arbitration and instead amicably resolve the Action and all outstanding disputes and issues between them and other Released Parties (defined in Section 7 below) subject to the terms and conditions set forth in this Amended Agreement; and

WHEREAS, CACCAVELLI and JETRO acknowledge and agree that this settlement resolves legally and factually disputed claims, including a bona fide dispute as to the issues raised in the Action.

120881919

NOW, THEREFORE, in consideration of the mutual promises contained in this Amended Agreement, the adequacy of which consideration CACCAVELLI and JETRO each acknowledges, and intending to be legally bound, CACCAVELLI and JETRO agree as follows:

1. **Dismissal with Prejudice.**  The Parties agree that a pre-condition of CACCAVELLI receiving the Settlement Amount (defined in Section 2) is the dismissal of the Action with prejudice.  Accordingly, as part of this settlement, counsel for CACCAVELLI shall provide counsel for JETRO with a signed Stipulation of Dismissal with Prejudice and Without Costs in the form attached as Exhibit A.  CACCAVELLI hereby authorizes and directs CACCAVELLI's attorneys, Shavitz Law Group, P.A., and Hepworth, Gershbaum & Roth, PLLC, to take any and all additional steps necessary to terminate the Action with prejudice in its entirety.

2. **Settlement Payment.**

   a. **Settlement Amount.**  Provided that CACCAVELLI timely executes (and does not revoke) this Amended Agreement and CACCAVELLI complies with her obligations under the Amended Agreement, JETRO shall issue a one-time payment to CACCAVELLI in the total gross amount of sixteen thousand six hundred sixty-seven dollars ($16,667) (the "Settlement Amount").  The Settlement Amount shall constitute the entire payment from JETRO to CACCAVELLI for:  (1) the full and final settlement of the Action including, without limitation, claims for attorneys' fees and costs; and (2) all agreements, promises and representations contained in the Amended Agreement.  The Settlement Amount shall be paid as follows:

      i. For alleged unpaid wages, provided that CACCAVELLI provides counsel for JETRO with a completed IRS Form W-4 by no later than the date on which this Amended Agreement is fully executed, JETRO shall issue to CACCAVELLI a check payable to "Marissa Caccavelli" in the total gross amount of two thousand dollars ($2,000), less applicable withholding. JETRO will issue an IRS Form W-2 to CACCAVELLI in connection with this payment.

      ii. For alleged liquidated damages, provided that CACCAVELLI provides counsel for JETRO with a completed IRS Form W-9 by no later than the date on which this Amended Agreement is fully executed, JETRO shall issue to CACCAVELLI a check payable to "Marissa Caccavelli" in the total gross amount of two thousand dollars ($2,000). JETRO will issue an IRS Form 1099 to CACCAVELLI in connection with this payment.

      iii. Provided that CACCAVELLI and Shavitz Law Group, P.A., each provides counsel for JETRO with a completed IRS Form W-9 by no later than the date on which this Amended Agreement is fully executed, JETRO shall issue to Shavitz Law Group, P.A., a check payable to "Shavitz Law Group, P.A." in the gross amount of twelve thousand six hundred sixty-

2

120881919

seven dollars ($12,667) for attorneys' fees and costs. JETRO will issue an IRS Form 1099 to CACCAVELLI and Shavitz Law Group, P.A., in connection with this payment. This payment is for attorneys' fees and costs.

b. **Timing.**

   i. Unless all of the following events occur, JETRO will not be obligated to issue the Settlement Amount:

   (1) CACCAVELLI must timely execute and return to counsel for JETRO this Amended Agreement (and not revoke it); and

   (2) Prophet must timely execute and return to counsel for JETRO a separate settlement agreement in a form acceptable to JETRO (and not revoke it); and

   (3) counsel for JETRO must receive the Declaration of Marissa Caccavelli (the form of which is attached as Exhibit B to this Amended Agreement) fully executed by CACCAVELLI; and

   (4) counsel for JETRO must receive a Declaration of Lee Prophet (in a form acceptable to JETRO) fully executed by Prophet; and

   (5) counsel for JETRO must receive Shavitz Law Group, P.A.'s completed IRS Form W-9; and

   (6) counsel for JETRO must receive CACCAVELLI's completed IRS Form W-9; and

   (7) counsel for JETRO must receive Prophet's completed IRS Form W-9; and

   (8) counsel for JETRO must receive CACCAVELLI's completed IRS Form W-4; and

   (9) counsel for JETRO must receive Prophet's completed IRS Form W-4; and

   (10) counsel for JETRO must receive the "Stipulation of Dismissal With Prejudice and Without Costs" executed by counsel for CACCAVELLI (Exhibit A); and

   (11) after all of the above events occur, counsel for JETRO shall execute and submit the "Stipulation of Dismissal With Prejudice and Without Costs" to the Court; and

3

(12) the Action is dismissed with prejudice in its entirety.

Provided that no party to the Action files a notice of appeal or otherwise challenges the dismissal of the Action, then within thirty-five (35) calendar days after the Action is dismissed with prejudice in its entirety, JETRO shall issue the Settlement Amount.

***Under no circumstances shall JETRO issue the Settlement Amount before the Action is dismissed with prejudice in its entirety.  Under no circumstances shall JETRO issue the Settlement Amount in the event of any active appeals or challenges to the dismissal of the Action or if any Court* sua sponte *(or otherwise) reopens the Action.***

3.      **Attorneys' Fees.**  As set forth in Section 2 of this Amended Agreement, the Settlement Amount includes payment to Shavitz Law Group, P.A., and is intended to constitute payment in full for all attorneys who played any role in representing the interests of CACCAVELLI in connection with the Action.  JETRO is not aware of any attorneys other than Shavitz Law Group, P.A., and Hepworth, Gershbaum & Roth, PLLC, having represented CACCAVELLI in connection with the Action and CACCAVELLI acknowledges and agrees that no other attorneys have done so.

4.      **Tax Consequences.**  CACCAVELLI agrees to pay any and all taxes found to be owed in connection with the payment of the Settlement Amount and to indemnify and hold JETRO and the Released Parties harmless from any claims, assessments, demands, penalties and interest owed, or found to be owed, as a result of that payment, except that JETRO shall be responsible for any payroll taxes that are legally the obligation of the employer.  In the event it is determined that any monies are due and owing to any government or governmental agency with respect to the Settlement Amount, those monies shall be the sole responsibility of CACCAVELLI (except that JETRO shall be responsible for any payroll taxes that are legally the obligation of the employer), and shall not affect the validity of this Amended Agreement in any way.

5.      **Arm's-Length Negotiations.**  CACCAVELLI and JETRO arrived at the settlement memorialized in this Amended Agreement through arm's-length negotiations, taking into account all relevant factors, past, present and potential, and they believe in good faith that the terms of this Amended Agreement are fair, adequate and reasonable.

6.      **Non-Admission.**  JETRO denies that it has wronged or harmed CACCAVELLI in any way and further denies that any action taken with respect to CACCAVELLI's hiring, employment, compensation or termination was in any way wrongful or unlawful.  It is understood and agreed that, by entering into this Amended Agreement, JETRO in no way admits any wrongdoing by reason of the matters alleged in the Action or by reason of any other matter.  This Amended Agreement is not, and shall not be construed as, an admission by JETRO or any of JETRO's current or former directors, officers, employees, representatives or agents, of any unlawful or improper conduct toward CACCAVELLI or anyone else.

7.     **"Released Parties" Defined.**  For purposes of this Amended Agreement, "Released Parties" means Jetro Holdings, LLC, Jetro Cash and Carry Enterprises, LLC, and Restaurant Depot, LLC, and all of their predecessors, successors, assigns, parents, subsidiaries, operating companies, affiliates, contractors, insurers and directors; and all of their respective current and former officers, members, employees, attorneys, representatives and agents.

8.     **Release of Claims by CACCAVELLI.**

   a. **Waiver/Release.**  In consideration of the benefits provided in this Amended Agreement and intending to be legally bound, and except for the rights and obligations arising under this Amended Agreement, CACCAVELLI hereby releases JETRO and the other Released Parties from any and all federal, state and local wage and hour complaints, charges, liabilities, damages, claims, causes of action, lawsuits, fines, penalties, interest and expenses (including attorneys' fees and costs) of any nature whatsoever, whether asserted or unasserted, known or unknown, that CACCAVELLI ever had or now has against JETRO or any of the other Released Parties that arose at any time up to the time when CACCAVELLI executes this Amended Agreement including, but not limited to, all claims for wages, overtime pay and minimum wage, and all claims relating to overtime work and all wage and hour claims under the Fair Labor Standards Act, the New York Labor Law and Connecticut's minimum wage and wage payment laws.  For clarity, and not by way of limitation, the Parties confirm that, pursuant to this Section 8(a) and to the fullest extent permitted by law, CACCAVELLI is releasing JETRO and the other Released Parties from any and all wage and hour claims: (1) that she asserted or could have asserted in the Action; (2) that arise out of or relate to CACCAVELLI's employment by JETRO or the termination of that employment; (3) for overtime pay, commissions, wages, bonuses, fees or compensation of any kind; (5) that arise out of any common law, tort or equitable principle; and (6) that arise under any federal, state or local statute, regulation or ordinance including, without limitation, the Fair Labor Standards Act, the New York Labor Law and Connecticut's minimum wage and wage payment laws.

   b. **Broad Scope of the Release.**  This release of all wage and hour claims includes a waiver of jury trials and non-jury trials with respect to all claims released under this Amended Agreement.  This Amended Agreement does not release or waive claims or rights that, as a matter of law, cannot be waived.

   c. **Withdrawal of Pending Actions.**  CACCAVELLI represents that, other than the Action, she has not commenced and, to her knowledge, is not a party to any action against JETRO or the Released Parties (or any of them) in any state or federal court or in an arbitral forum asserting any of the claims released in this Amended Agreement.  Pursuant to the terms of this Amended Agreement,

5

CACCAVELLI agrees to promptly dismiss the Action with prejudice and without costs.

d. **Waiver of Recovery.**  CACCAVELLI acknowledges and agrees that, except as otherwise provided in Section 11, she is waiving any relief available to her (including, without limitation, monetary damages, equitable relief and reinstatement) under any of the claims and causes of action waived in this Amended Agreement.

e. **Exceptions.**  Nothing contained in this Section 8 is intended to release claims: (1) arising after CACCAVELLI executes this Amended Agreement; or (2) that may not be released as a matter of law.

9. **CACCAVELLI's Covenant Not to Sue.**  Except as otherwise provided in Section 11, CACCAVELLI agrees that neither she nor any person or entity on her behalf shall commence, maintain or prosecute any lawsuit or other court action or arbitration of any kind against any of the Released Parties with respect to any act, omission or other matter released by Section 8.

10. **CACCAVELLI's Class Action and Collective Action Waiver.**  CACCAVELLI agrees not to sue, initiate an arbitration or otherwise bring any legal action against JETRO or any of the other Released Parties ever for any claims released in Section 8 arising before CACCAVELLI executes this Amended Agreement.  CACCAVELLI is not only waiving any right she may have to proceed individually, but also as a member of a class or collective action.  In the event that CACCAVELLI receives notice of a class or collective action against the Released Parties for claims released by this Amended Agreement arising before she executes this Amended Agreement, CACCAVELLI must "opt out" of and may not "opt in" to such action.  CACCAVELLI is also giving up any right she may have to recover any relief from the Released Parties as a member of a class or collective action with respect to claims released by this Amended Agreement arising before she executes this Amended Agreement.

11. **Exceptions to Release of Claims and Covenant Not to Sue.**  In Sections 8, 9 and 10, CACCAVELLI releases claims and agrees not to sue, but there are exceptions to these commitments.  Specifically, nothing in this Amended Agreement prevents CACCAVELLI from bringing a legal action or otherwise taking steps to:

- Pursue claims not released by this Amended Agreement; or

- Enforce the terms of this Amended Agreement; or

- Challenge the validity of this Amended Agreement; or

- Make any disclosure of information required by law; or

6

120881919

- Provide information to, testify before or otherwise assist in any investigation or proceeding brought by, any regulatory or law enforcement agency or legislative body, any self-regulatory organization, or the Released Parties; or

- Provide truthful testimony in any forum; or

- Cooperate fully and provide information as requested in any investigation by a governmental agency or commission; or

- File a charge or complaint with the Equal Employment Opportunity Commission, the National Labor Relations Board, the Occupational Safety and Health Administration, the Securities and Exchange Commission or any other federal, state or local governmental agency or commission ("Government Agencies"); or

- Pursue claims that arise after executing this Amended Agreement.

For purposes of clarity, this Amended Agreement does not limit the ability of CACCAVELLI to communicate with any Government Agencies or otherwise participate in any investigation or proceeding that may be conducted by any Government Agency, including providing documents or other information, without notice to JETRO. This Amended Agreement does not limit any right of CACCAVELLI to receive an award for information provided to any Government Agency.

12. **Release of Claims by JETRO.** Jetro Holdings LLC, Jetro Cash and Carry Enterprises, LLC, and Restaurant Depot LLC, release any and all complaints, charges, liabilities, damages, claims, causes of action, lawsuits, fines, penalties, interest and expenses (including attorneys' fees and costs) of any nature whatsoever, whether now known or unknown, that they have ever had, now have or hereafter may have against CACCAVELLI, except that nothing in this Amended Agreement prevents Jetro Holdings LLC, Jetro Cash and Carry Enterprises, LLC, or Restaurant Depot LLC from: (1) enforcing the terms of this Amended Agreement; (2) challenging the validity of this Amended Agreement; (3) making any disclosure of information required by law; (4) providing information to, testifying before or otherwise assisting in any investigation or proceeding brought by, any regulatory or law enforcement agency or legislative body, any self-regulatory organization, or the Released Parties; (5) providing truthful testimony in any forum; (6) cooperating fully and providing information as requested in any investigation by a governmental agency or commission; or (7) pursuing claims that arise after executing this Amended Agreement. This Amended Agreement does not release or waive claims or rights that, as a matter of law, cannot be waived.

13. **Neutral References.** As long as CACCAVELLI directs reference inquiries from potential employers to Shez Darden, Corporate Human Resources Director (Jetro Holdings LLC, 15-24 132nd Street, College Point, New York 11356 / Phone: (718) 762-1000 / sdarden@jetrord.com), then JETRO will limit information it discloses in response to reference requests to: (1) CACCAVELLI's dates of employment; and (2) CACCAVELLI's last position held. Of course, JETRO reserves the right to respond truthfully to any compulsory process of law (such as a subpoena) or as otherwise required by law.

7

120881919

14. **No Cooperation.** Except as otherwise required by law, including without limitation pursuant to a lawfully issued subpoena, CACCAVELLI agrees not to provide any documents or information to, or otherwise knowingly assist, any non-government private individual or entity with any allegations, demands or legal actions of any nature against JETRO or any of the Released Parties. Nothing in this Section 14 shall impede or limit CACCAVELLI's ability to pursue her own claims against JETRO, if any, to the extent that such claims are not otherwise released in this Amended Agreement.

15. **Notice of Subpoenas.** If CACCAVELLI is subpoenaed or otherwise compelled to give testimony or provide documentation on matters related to JETRO, or otherwise covered by this Amended Agreement, she agrees to notify counsel for JETRO, William R. Horwitz, Esq., Faegre Drinker Biddle & Reath LLP, 1177 Avenue of the Americas, 41st Floor, New York, New York 10036 (william.horwitz@dbr.com), and, provided that no Court Order or Administrative Order issued by a regulatory government agency expressly prohibits CACCAVELLI from doing so, advise Mr. Horwitz of the circumstances relating to the subpoena or other notice by no later than three (3) calendar days after receiving the subpoena or other notice.

16. **Amended Agreement Not to be Considered or Used as Evidence.** The Parties agree that this Amended Agreement shall not be offered, used or considered as evidence in any proceeding of any type against or involving CACCAVELLI, JETRO or any of the Released Parties, except to the extent necessary to enforce the Amended Agreement's terms, or as otherwise compelled by law.

17. **Dismissal of Action.** CACCAVELLI agrees and understands that, notwithstanding anything to the contrary contained in this Amended Agreement, the terms of this Amended Agreement shall not take effect unless and until the Action is dismissed in its entirety with prejudice.

18. **Full Payment.** CACCAVELLI acknowledges and agrees that the payments she will receive in Section 2 are worth more than any money or benefits that she was otherwise promised or is otherwise entitled to receive under any policy, plan, handbook or practice of JETRO. CACCAVELLI further acknowledges and agrees that CACCAVELLI has been paid and received all compensation, wages, bonuses, overtime payments, vacation pay, sick pay, commissions, equity grants and benefits to which CACCAVELLI may have been entitled in connection with her employment with JETRO and that no other compensation, wages, bonuses, overtime payments, vacation pay, sick pay, commissions equity grants or benefits are due to CACCAVELLI.

19. **Opportunity to Review and Revoke this Amended Agreement.**

    ► **Twenty-One (21) Calendar Days To Review.**

    CACCAVELLI has **twenty-one (21) calendar days** from the day she receives this Amended Agreement to consider its terms, and execute it and return it to counsel for JETRO. CACCAVELLI understands that her opportunity to accept the terms of this Amended Agreement will expire at the conclusion of

8

the twenty-one (21) calendar day period if she does not accept those terms before time expires. CACCAVELLI may execute this Amended Agreement in less than twenty-one (21) calendar days, if she wishes to do so. If CACCAVELLI elects to do so, she acknowledges that she has done so voluntarily. **CACCAVELLI's signature below indicates that she is entering into this Amended Agreement freely, knowingly and voluntarily, with full understanding of its terms.**

► **Effect of Failure to Sign.**

If CACCAVELLI fails to timely execute this Amended Agreement or Prophet fails to timely execute a Settlement Agreement satisfactory to JETRO, this Amended Agreement shall become null and void in its entirety, and JETRO shall not pay the Settlement Amount in whole or in part.

► **Talk To A Lawyer.**

During the twenty-one (21) calendar-day review period and before executing this Amended Agreement, JETRO advises CACCAVELLI to consult with her attorneys, Shavitz Law Group, P.A., and Hepworth, Gershbaum & Roth, PLLC, regarding the terms of this Amended Agreement.

► **Seven (7) Calendar Days To Change Your Mind.**

CACCAVELLI has **seven (7) calendar days** from the date she signs this Amended Agreement to revoke it. In order to do so, CACCAVELLI (or her counsel) must provide written notice of the revocation to counsel for JETRO: William R. Horwitz, Esq., Faegre Drinker Biddle & Reath LLP, 1177 Avenue of the Americas, 41st Floor, New York, New York 10036 / Tel: 973-549-7142 / william.horwitz@dbr.com). Written notice of revocation should state clearly that CACCAVELLI is revoking the Amended Settlement Agreement and General Release.

► **Effect of Revocation.**

If CACCAVELLI timely revokes this Amended Agreement or Prophet timely revokes his settlement agreement with JETRO, this Amended Agreement shall become null and void in its entirety, and JETRO shall not pay the Settlement Amount in whole or in part.

20. **Knowing and Voluntary.** By executing this Amended Agreement, CACCAVELLI certifies that she has carefully read and fully understands all of the provisions and effects of this Amended Agreement; that CACCAVELLI has been advised, through this Section 20, to consult and thoroughly discuss all aspects of this Amended Agreement with her attorneys; that CACCAVELLI has reviewed this Amended Agreement with her attorneys, Shavitz Law Group, P.A., and Hepworth, Gershbaum & Roth, PLLC; that CACCAVELLI is voluntarily entering into this Amended Agreement; and that JETRO and the other Released

9

Parties have not made any representations concerning the terms or effects of this Amended Agreement other than those contained in the Amended Agreement.

21. **Unknown Facts.** By signing this Amended Agreement, CACCAVELLI is acknowledging that she has full knowledge of any and all rights she may have and is assuming the risk of any mistake in fact in connection with the true facts involved, or with regard to any facts that are now unknown to her. JETRO is making the same acknowledgment and assuming the same risk.

22. **Adequate Consideration.** CACCAVELLI agrees that she is receiving full and fair consideration for all agreements, promises, and representations contained in this Amended Agreement. More specifically, CACCAVELLI agrees that the payments she is receiving pursuant to Section 2 constitute more than adequate consideration to support the Releases of Claims and Covenants Not to Sue that CACCAVELLI is providing to JETRO (and the other Released Parties) and the other promises that CACCAVELLI is making under the Amended Agreement.

23. **CACCAVELLI's Prior Disclosures.** CACCAVELLI acknowledges that, prior to the last date of her employment with JETRO, she disclosed to JETRO, in accordance with applicable policies and procedures, any and all information relevant to any investigation of JETRO's business practices conducted by any governmental agency or to any existing, threatened or anticipated litigation involving JETRO, whether administrative, civil or criminal in nature and that CACCAVELLI is otherwise unaware of any wrongdoing committed by any current or former employee of JETRO that has not been disclosed. Nothing in this Amended Agreement shall prohibit or restrict CACCAVELLI from testifying, participating in or otherwise assisting in a proceeding relating to an alleged violation of the Sarbanes-Oxley Act of 2002, the Dodd-Frank Wall Street Reform and Consumer Protection Act, any federal, state or municipal law relating to fraud, or any rule or regulation of any self-regulatory organization.

24. **Construction of the Amended Agreement.** This Amended Agreement is made and entered into in the State of New York and shall in all respects be interpreted and enforced according to the laws of New York without regard to conflict of laws principles. The language of this Amended Agreement shall in all cases be construed as a whole and given its fair meaning, and shall not be construed strictly for or against any of the Parties. This Amended Agreement is binding upon, and inures to the benefit of, the Parties and their respective heirs, successors and assigns. The signatories to this Amended Agreement represent that they have authority to bind the respective Parties.

25. **Fees for Prevailing Party.** In the event of a material breach of this Amended Agreement that is not cured within fourteen (14) calendar days of notice, the prevailing party shall recover reasonable attorneys' fees.

26. **Arbitration Forum Selection.** CACCAVELLI acknowledges and agrees that she remains bound by the Arbitration Agreement that she accepted and digitally signed on January 13, 2016 (the "Caccavelli Arbitration Agreement"). By executing this Amended Agreement, CACCAVELLI and JETRO reaffirm the Caccavelli Arbitration Agreement.

CACCAVELLI and JETRO agree that the Caccavelli Arbitration Agreement remains in full force and effect.  CACCAVELLI acknowledges and agrees that any disputes arising out of or concerning this Amended Agreement shall be resolved in arbitration pursuant to the Caccavelli Arbitration Agreement.  To the extent that a dispute falls outside the scope of the Caccavelli Arbitration Agreement, CACCAVELLI and JETRO agree to pursue that dispute exclusively in arbitration pursuant to the American Arbitration Association's Employment Arbitration Rules and Mediation Procedures.  To the extent that a dispute between the Parties cannot lawfully proceed to arbitration, CACCAVELLI and JETRO agree that any suit, action or proceeding to resolve any such dispute shall be instituted in a state or federal court located in the State of New York, which courts shall have exclusive jurisdiction over such a suit, action or proceeding.  Each Party hereby irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action or proceeding and waives any objection to jurisdiction by any such court.  The Parties agree to submit any disputes regarding jurisdiction, arbitrability or the scope of the Caccavelli Arbitration Agreement exclusively to arbitration pursuant to the Caccavelli Arbitration Agreement.

27.     **Counterparts**.  This Amended Agreement may be executed in any number of counterparts or in different counterparts, including by electronic signature, any of which shall be deemed an original, but all of which together shall constitute one and the same agreement.

28.     **Joint Drafting.**  The Parties agree that they and their counsel participated in drafting this Amended Agreement and, accordingly, any ambiguities contained in it shall not be construed against any Party.

29.     **Severability and Court Modification.**  If any portion of this Amended Agreement is determined to be illegal, unenforceable, or ineffective in a legal forum of competent jurisdiction, the Parties agree that the remaining provisions of this Amended Agreement not declared invalid will continue in full force and effect.  The Parties further agree that the illegal, unenforceable, or ineffective provisions, terms, clauses, waivers or releases shall be modified, if possible, in order to achieve, to the extent possible, the intentions of the Parties, without the need for additional consideration.

30.     **Entire Agreement.**  This Amended Agreement may not be modified or amended except through a written document executed by the Parties. This Amended Agreement sets forth the entire agreement between the Parties, and fully supersedes any and all prior agreements or understandings between them pertaining to the same subject matter except that this Amended Agreement does not supersede the Caccavelli Arbitration Agreement.  The Caccavelli Arbitration Agreement remains in full force and effect.

31.     **Additional Acknowledgments.**  By executing this Amended Agreement, CACCAVELLI acknowledges and agrees:

> → **I have carefully read this Amended Agreement in its entirety;**
>
> → **I have had an opportunity to consider the terms of the Amended Agreement for at least twenty-one (21) calendar days;**

11

120881919

→ **I understand that JETRO urges me to consult with an attorney of my choosing, at my expense, regarding this Amended Agreement;**

→ **I acknowledge that I have consulted with an attorney of my choosing, Shavitz Law Group, P.A., and Hepworth, Gershbaum & Roth, PLLC, regarding this Amended Agreement;**

→ **I fully understand the significance of all of the terms and conditions of this Amended Agreement; and**

→ **I am executing this Amended Agreement voluntarily and of my own free will and agree to all the terms and conditions contained in this Amended Agreement.**

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed the foregoing Amended Settlement Agreement and General Release on the dates indicated below.

**BY SIGNING THIS AGREEMENT, MARISSA CACCAVELLI ACKNOWLEDGES THAT SHE DOES SO VOLUNTARILY AFTER CAREFULLY READING AND FULLY UNDERSTANDING EACH PROVISION AND ALL OF THE EFFECTS OF THIS AMENDED AGREEMENT, WHICH INCLUDES A RELEASE OF KNOWN AND UNKNOWN WAGE AND HOUR CLAIMS AND A RESTRICTION ON FUTURE LEGAL ACTION TO ASSERT SUCH CLAIMS AGAINST JETRO HOLDINGS, LLC, JETRO CASH AND CARRY ENTERPRISES, LLC, RESTAURANT DEPOT, LLC, AND OTHER RELEASED PARTIES.**

DATE: __12/30/2020__      By: __*Marisa Caccavelli*__
                              MARISSA CACCAVELLI

JETRO HOLDINGS, LLC, JETRO CASH AND CARRY ENTERPRISES, LLC, AND RESTAURANT DEPOT, LLC

DATE: _____     By: _____
                              Name:
                              Title:

12

120881919

→ I understand that JETRO urges me to consult with an attorney of my choosing, at my expense, regarding this Amended Agreement;

→ I acknowledge that I have consulted with an attorney of my choosing, Shavitz Law Group, P.A., and Hepworth, Gershbaum & Roth, PLLC, regarding this Amended Agreement;

→ I fully understand the significance of all of the terms and conditions of this Amended Agreement; and

→ I am executing this Amended Agreement voluntarily and of my own free will and agree to all the terms and conditions contained in this Amended Agreement.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed the foregoing Amended Settlement Agreement and General Release on the dates indicated below.

**BY SIGNING THIS AGREEMENT, MARISSA CACCAVELLI ACKNOWLEDGES THAT SHE DOES SO VOLUNTARILY AFTER CAREFULLY READING AND FULLY UNDERSTANDING EACH PROVISION AND ALL OF THE EFFECTS OF THIS AMENDED AGREEMENT, WHICH INCLUDES A RELEASE OF KNOWN AND UNKNOWN WAGE AND HOUR CLAIMS AND A RESTRICTION ON FUTURE LEGAL ACTION TO ASSERT SUCH CLAIMS AGAINST JETRO HOLDINGS, LLC, JETRO CASH AND CARRY ENTERPRISES, LLC, RESTAURANT DEPOT, LLC, AND OTHER RELEASED PARTIES.**

DATE: _____   By: _____
                            MARISSA CACCAVELLI

                         JETRO HOLDINGS, LLC, JETRO CASH AND
                         CARRY ENTERPRISES, LLC, AND
                         RESTAURANT DEPOT, LLC

DATE: 02/18/2020    By: _____
                         Name: _____
                         Title:

12

120881919

# EXHIBIT A

120881919

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

MARISSA CACCAVELLI and LEE PROPHET, on behalf of themselves and all others similarly situated,

Plaintiffs

v.

JETRO HOLDINGS, LLC, JETRO CASH AND CARRY ENTERPRISES, LLC, and RESTAURANT DEPOT, LLC,

Defendant.

---------------------------------------------------------------x

ECF CASE

Civil Action No. 1:17-cv-7306-PKC-SMG

**STIPULATION OF DISMISSAL WITH PREJUDICE AND WITHOUT COSTS AGAINST ANY PARTY**

THE MATTER in dispute having been amicably resolved, it is hereby stipulated and agreed by and between the undersigned that all claims asserted in the above-captioned lawsuit are hereby dismissed in their entirety with prejudice as against all parties and without costs against any party.

| | |
|---|---|
| SHAVITZ LAW GROUP, P.A.<br>951 Yamato Road, Suite 285<br>Boca Raton, Florida 33431<br>Attorneys for Plaintiffs<br>Marissa Caccavelli and Lee Prophet | FAEGRE DRINKER BIDDLE & REATH LLP<br>1177 Avenue of the Americas, 41st Floor<br>New York, New York 10036<br>Attorneys for Defendants<br>Jetro Holdings, LLC, Jetro Cash and Carry Enterprises, LLC, and Restaurant Depot, LLC |

By: _____
      PAOLO MEIRELES

Dated: _____

By: _____
      WILLIAM R. HORWITZ

Dated: _____

120881919

# EXHIBIT B

120881919

## DECLARATION OF MARISSA CACCAVELLI

MARISSA CACCAVELLI, of full age, declares as follows:

1. I am submitting this Declaration in connection with the settlement of a lawsuit filed on my behalf (and on behalf of my co-plaintiff, Lee Prophet) in the United States District Court for the Eastern District of New York, *Marissa Caccavelli and Lee Prophet v. Jetro Holdings, LLC, Jetro Cash and Carry Enterprises, LLC, and Restaurant Depot, LLC* (Civil Action No. 17-cv-7306-PKC-SMG) (the "Action"). I make the statements in this Declaration based on my personal knowledge and belief.

2. I began my employment at the Restaurant Depot store located at 265 Reverend Moody Overpass in Hartford, Connecticut, on June 22, 2010.

3. On August 12, 2012, I was assigned to the position of Front End Manager, a position that I held until September 4, 2015, when I voluntarily resigned my employment.

4. On January 14, 2016, I again went to work as a Front End Manager at the Restaurant Depot store in Hartford.

5. On September 4, 2016, I was reassigned to the position of Receiving Clerk.

6. On November 4, 2016, I again voluntarily resigned from my employment at Restaurant Depot.

7. Other than the time periods set forth above, I have never worked as an employee or in any other capacity at any Restaurant Depot store or at any other time or in any other capacity for Jetro Holdings, LLC, Jetro Cash and Carry Enterprises, LLC, or Restaurant Depot, LLC.

8. In the Action, I alleged that, when I was employed as a Front End Manager at the Restaurant Depot store in Hartford, I was misclassified as exempt from the overtime requirements of the Fair Labor Standards Act and, as a result, was denied overtime pay for instances when I worked more than 40 hours in a week.

120881919

9. I understand that, as part of the settlement of the Action, I will receive $2,000 for unpaid wages and $2,000 for liquidated damages.

10. I have consulted at length about the settlement of the Action with my attorneys at the law firms Shavitz Law Group, P.A., and Hepworth, Gershbaum & Roth, PLLC.

11. I have also consulted at length with my attorneys regarding the value of my claims in the Action and the damages that I can potentially recover.

12. Based on my own calculations and my consultations with my attorneys, I understand that the $4,000 that I am receiving under the settlement of the Action is more money than I am owed from my employment at Restaurant Depot and more money than I could potentially recover if, instead of settling, I continued to pursue the Action.

13. In other words, I understand and believe that the $4,000 I am recovering under the settlement will make me more than whole.

14. I understand that the defendants in the Action, Jetro Holdings, LLC, Jetro Cash and Carry Enterprises, and Restaurant Depot, LLC, deny any wrongdoing with respect to my employment, my compensation or the termination of my employment. I understand that, in particular, they deny that I was misclassified as exempt or that I was improperly denied overtime pay. I understand that they have agreed to settle the Action despite the fact that they strongly dispute that they owe me any money whatsoever.

15. I understand that the settlement of the Action constitutes the resolution of a bona fide dispute.

16. I understand that I am entitled to submit the settlement of the Action to the Court for approval. However, in consultation with my attorneys (Shavitz Law Group, P.A., and Hepworth, Gershbaum & Roth, PLLC), I have decided that Court approval of the settlement is not necessary, as this is a fair and reasonable settlement in which I am recovering more than I

2

120881919

could recover if I pursued the Action and prevailed. Moreover, this settlement allows me to recover compensation now, rather than sometime in the future or, potentially, never. Additionally, this settlement allows me to avoid the disruptions of proceeding to arbitration and participating in discovery and an arbitration hearing.

17. On January 13, 2016, I accepted and digitally signed an Arbitration Agreement. I reaffirm my agreement to that Arbitration Agreement. I understand and agree that that Arbitration Agreement remains in full force and effect. If I were to proceed with the Action, I would be required to proceed individually, in arbitration, not in court. Likewise, if any future disputes arise between Jetro Holdings, LLC, Jetro Cash and Carry Enterprises, Restaurant Depot, LLC, and me – including disputes arising out of the settlement of the Action – the parties will be required to pursue them in arbitration, not in court.

18. I fully understand every line of this Declaration, which I discussed at length with my counsel.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on 12/30/2020 _____.

*Marisa Caccavelli*
_____
MARISSA CACCAVELLI

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

MARISSA CACCAVELLI and LEE PROPHET, on behalf of themselves and all others similarly situated,

                    Plaintiffs

v.

JETRO HOLDINGS, LLC, JETRO CASH AND CARRY ENTERPRISES, LLC, and RESTAURANT DEPOT, LLC,

                    Defendant.

-----------------------------------------------------------------x

ECF CASE

Civil Action No. 1:17-cv-7306-PKC-SMG

**STIPULATION OF DISMISSAL WITH PREJUDICE AND WITHOUT COSTS AGAINST ANY PARTY**

THE MATTER in dispute having been amicably resolved, it is hereby stipulated and agreed by and between the undersigned that all claims asserted in the above-captioned lawsuit are hereby dismissed in their entirety with prejudice as against all parties and without costs against any party.

| | |
|---|---|
| SHAVITZ LAW GROUP, P.A.<br>951 Yamato Road, Suite 285<br>Boca Raton, Florida 33431<br>Attorneys for Plaintiffs<br>Marissa Caccavelli and Lee Prophet | FAEGRE DRINKER BIDDLE & REATH LLP<br>1177 Avenue of the Americas, 41st Floor<br>New York, New York 10036<br>Attorneys for Defendants<br>Jetro Holdings, LLC, Jetro Cash and Carry Enterprises, LLC, and Restaurant Depot, LLC |
| By: _____<br>      PAOLO MEIRELES | By: _____<br>      WILLIAM R. HORWITZ |
| Dated: 12/31/2020 | Dated: December 30, 2020 |

120881919