UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MARISA CACCAVELLI AND LEE PROPHET,  :
:
                      Plaintiffs,  :
:      REPORT &
    -against-                          :      RECOMMENDATION
:      17-CV-7306 (PKC) (SMG)
JETRO CASH AND CARRY ENTERPRISES, LLC,  :
et al.,  :
:
                      Defendants.  :
------------------------------------------------------------------------x
STEVEN M. GOLD, U.S. Magistrate Judge:

       Plaintiffs in this action assert claims under the Fair Labor Standards Act. The parties have now reached a settlement, and have submitted a motion seeking approval of their agreement. Dkt. 48. United States District Judge Chen has referred the motion to me for Report and Recommendation. Order dated December 18, 2020.

       After reviewing the parties' agreement, I issued an Order directing the parties to reconsider the breadth of the release contained in the agreement and a provision that barred plaintiffs from seeking employment with any of the defendants in the future. Order dated December 17, 2020. In response, the parties have submitted an amended agreement with a more limited release provision and without any restriction on applying for employment. Dkt. 55.

       Having done so, I find that "the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Information Networking Computing, USA, Inc.*, 2008 WL 724155 (E.D.N.Y. Mar. 13, 2008) (internal quotations and citation omitted). In making this finding, I have considered, among other things, the following: (1) the settlement amount provides plaintiffs with a recovery, net of attorney's fees, approximately as great or greater than the amount of

overtime wages they claim are due, assuming the two-year limitations period for non-willful violations applies (*see* Mem. in Supp. at 4-5, Dkt. 49); (2) while the attorney's fees portion of the settlement is for an amount equal to substantially more than one-third of the total settlement amount, and while the lodestar presented by counsel is calculated based upon very generous hourly rates (*see* Hepworth Decl. at 2-3, Dkt. 50, the attorney's fee portion of the settlement is for substantially less than counsel's lodestar; and (3) that the settlement agreement does not impose a duty of confidentiality.

For all these reasons, I respectfully recommend that the settlement agreement be approved. Any objections to the recommendations made in this Report must be made within fourteen days after filing of this Report and Recommendation and, in any event, on or before January 15, 2021. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (discussing waiver under the former ten-day limit). Plaintiff shall forthwith serve copies of this Report and Recommendation upon the defaulting defendant at its last known address and file proof of service with the Court.

*Steven M. Gold USMJ*
Steven M. Gold
United States Magistrate Judge

Brooklyn, New York
January 1, 2021

*U:\Cohetero R&R 16cv4420 FINAL.docx*

2